## THURN *v.* THE ALTA TELEGRAPH COMPANY.

WHERE a Telegraph Company fails to transmit a message, upon compliance by the person contracting with it, with the conditions required by sec. 154 of the Act of 1850, (370) an action for the penalty given by the act lies in favor of such person.

The sum to be recovered is a penalty for a breach of the duty to transmit the message, and the act is, in this section, a penal law, to be strictly construed.

Under the above section, the person entitled to recover the penalty is the party who contracts or offers to contract for the transmission of the dispatch. He may, probably, do this by his agent or servant; but when the contract is made by a party as agent of another, in order to give a right of action to the principal, the fact of agency must be shown.

Thurn v. Alta Telegraph Co.

Proof as follows: "I am Superintendent of the California State Telegraph Company, and operator in their office at San Francisco. July 2d, plaintiff came to our office, and delivered a message to be transmitted to Jackson, and paid for transmitting it there. The message was: "Alta Express Co., Jackson: If you have package for me, forward immediately." Signed "C. Thurn." In the margin of the message sent, were the words "F. July 2d." Few words passed when the message was delivered; no express agreement that the Cal. State Telegraph Co. should forward the message to Sacramento, and employ the Alta Cal. Telegraph Company to transmit it from there to Jackson. He must have known that we could not send it to Jackson, as we had no line there. I think there was something said about sending it by the defendant's line from Sacramento." C. Thurn, the plaintiff, sues the Alta Telegraph Co. for the penalty, under the one hundred and fifty-fourth section of the Act of 1850 (370). *Held*, that under these facts, he is not the person making or offering to make the contract, within the meaning of the act, and cannot recover; that the only contract proven is a contract by the State Telegraph Co. to send the message or have it sent; and a contract, on its part, to contract on its own account with the Alta Telegraph Co. to send the message.

If the message, in this case, had not been transmitted, plaintiff might have held the State Telegraph Co. responsible.

APPEAL from the Sixth District.

The complaint averred, in substance, that plaintiff, at the "office of said defendants, at the said city of Sacramento, on the second day of July, 1858, by his agent, in his behalf duly authorized, solicited the said defendants to receive at said city of Sacramento, and transmit to Jackson, the following dispatch;" and that they refused to receive and transmit the same, the usual fees being tendered.

The answer denies these allegations. In addition to the testimony stated in the opinion of the Court, it is well to add, that defendant showed that the operator of the California State Telegraph Company at Sacramento, on receiving the message from San Francisco, took it to the office of defendant, in Sacramento, and asked to have it transmitted to Jackson, tendering one dollar as compensation; the Alta's operator refused to send it for that price, stating that the price had been raised.

Defendant moved for a nonsuit, on the grounds, among others—1st. That it was not shown that plaintiff or any legal agent requested defendant to transmit the message in question. 2d. That no privity between the parties was shown. Overruled.

Plaintiff had verdict, and judgment for five hundred dollars, with interest and costs. Defendant appeals.

31

Thurn *v.* Alta Telegraph Co.

*Moore & Welty*, for Appellant.

There is no privity between the parties, and hence the action is improperly brought in the name of plaintiff. He must look to the State Telegraph Company, with whom he contracted. They agreed to transmit the message, and have failed. The case is like that of a common carrier employed to transport goods between two points, the latter being beyond the terminus of his route. The goods are delivered by the first carrier to a second, who loses them. The owner must look alone to the carrier he employed. (Comp. L. 302, sec. 134; 25 Wend. 660; 8 Mees & Wels. 421; *Hyde* v. *Trent Navigation Co.* 5 Term. 389; 2 Wels. H. & G. 414; Story on Bailment, 541, sec. 538.)

*Heydenfeldt*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This action is brought to recover a penalty of five hundred dollars, given by statute for the failure to convey a telegraphic message. Section 154, p. 302, C. L. of the Act in relation to Telegraph Companies, is the provision under which the action is brought.

The section is in these words: "It shall be the duty of the owner, or the association owning any telegraph line, doing business within this State, to receive dispatches from and for other telegraph lines and associations, and from and for any individual; and on payment of their usual charges for individuals for transmitting dispatches, as established by the rules and regulations of such telegraph lines, to transmit the same with impartiality and good faith; and shall not disclose any communication transmitted on said line or lines, directed to a third person, in the penalty of five hundred dollars for every neglect or refusal so to do, or confidential disclosure; to be recovered, with costs of suit, in the name and for the benefit of the person or persons sending or desiring to send such dispatches."

This awkwardly drawn section is to be construed as giving this right of action for a failure by a telegraph company to transmit the message upon a compliance with the required conditions by the person contracting with it.

The sum to be recovered is a penalty for this breach of duty, and the act, in this section, is a penal law, and is to be strictly construed. (See *Russell* v. *Irby*, 13 Ala. 131, and the cases there cited; *Batchelder* v. *Kelly*, 10 N. H. 436.)

The first of these cases holds that an action of debt may be brought by the proper party, for the penalty, and the rule is so held in other cases; but under our system there can be no objection to the mode adopted here, of asserting the statutory right.

The objection is made that the plaintiff had no authority to bring this suit. The provision of the section is, that the penalty is to be "recovered, with costs of suit, in the name and for the benefit of the person or persons sending or desiring to send such dispatch." It is evident that the person intended here is the party who contracts or offers to contract for the transmission of the dispatch. He may, probably, do this by his agent or servant; but when the contract is made by a party as agent of another, in order to give a right of suit to the principal, the fact of agency must be shown. The proof in this case, so far as this point is concerned, is as follows: One Gamble, a witness for plaintiff, testified: "I am Superintendent of the California State Telegraph Company, and an operator in their office in San Francisco. On the second day of July, plaintiff came into our office and delivered a message to be transmitted to Jackson, and paid for transmitting there. It reads as follows: "Alta Express Co., Jackson: If you have package for me, forward immediately." In the margin are the words "F. July 2d." Signed " C. Thurn." There were but few words passed when the message was delivered ; there was no express agreement that the California State Telegraph Company should forward the message to Sacramento, and employ the Alta California Telegraph Company to transmit it from there to Jackson. He must, however, have known that we could not have sent it to Jackson, as we had no line there. I think there was something said about sending it by the defendant's line from Sacramento."

We see nothing here to justify the inference that the State Telegraph Company were the agents of the plaintiff for the transmission of the message. That company seems to have been engaged in this same general business. That they were not able to send the message by a line of their own, makes little or nothing for the argument. It is not shown that this fact was known to the plaintiff; and if it were, it does not follow that the plaintiff may not have been willing to make this contract with the State Telegraph Company—trusting to its responsibility, and that it would make such a contract, or take such steps as might be necessary to secure the object of sending the message. A man having no means of expressing matter may contract to express a

package, and may receive payment for it, and expect to employ regular express agents to do the business; but this does not make him the agent of his customer to contract with the express company. He may, and the presumption is that he does, contract on his own account. If the message had not been transmitted, Thurn might have held the State Telegraph Company responsible, but it does not follow that he could have changed the contract into an agency for him, and sued the defendant for failure to transmit his message. The application was not made in the name of Thurn, though it was his message that was to be sent; but a man may desire to send a message signed with the name of another, and to contract on his own account for sending it, as well as if the message were written in his own name, and contracted to be sent for his own benefit. There is no proof that the contract was made in the name or for the benefit or as agent for Thurn, and if the doctrine of ratification applies in a penal proceeding of this sort, which is very doubtful, the facts here do not authorize its application. We see nothing in the facts which make out more than a contract by the State Telegraph Company to send this message, or have it sent, for which contract it charged and received a certain compensation; and to perform this contract, an offer on its part to contract on its own account with the Alta Telegraph Company to send this message. This seems to have been so considered by the Alta Telegraph Company's agent at the time.

We think, under this state of facts, the plaintiff here is not the person making or offering to make the contract, within the meaning of the act.

Judgment reversed, and cause remanded for a new trial.