[No. 5494.]

# A. H. GLASCOCK v. J. S. ASHMAN et al.

EVIDENCE OF PAYMENT OF DEBT.—Evidence of payment of a debt, or of an offer to pay, is admissible if the payment, or the offer to pay, be made before the commencement of the action for the debt, or if made subsequently to the commencement of the action, and the fact be averred in the answer.

SHERIFF—LIABILITY OF SURETIES.—The sureties of a sheriff are not liable for the penalty imposed upon sheriffs by the Political Code (sec. 4179) for a neglect to levy upon property. The sureties are liable only for actual damages sustained.

APPEAL from the District Court of the Thirteenth Judicial District, County of Tulare.

The plaintiff brought suit against the defendant Ashman, Sheriff of Tulare County, and the other defendants, as sureties

of the defendant Ashman, to recover on their bonds for the penalty of two hundred dollars, imposed by sec. 4179 of the Political Code, for neglect to levy upon property when requested. The cause of action arose out of three judgments obtained in a Justice's Court, two of which were assigned to plaintiff, the other being in his own name. At the trial the defendant offered evidence of payment of the judgments, but the evidence was rejected. The other facts are stated in the report of the preceding case.

The plaintiff had judgment, and the defendants appealed.

*John G. McElvaney*, for Appellant.

1. The plaintiff cannot maintain an action upon the causes growing out of Ashman's neglect to return any of the executions other than the one issued in his own case. Torts are not assignable. (*Oliver* v. *Walsh*, 6 Cal. 456; *Thorn* v. *Alta Tel. Co.* 15 Cal. 472.)

2. The Court below erred in excluding testimony that the plaintiff had been paid the amount of the three judgments by Owen. The answer contains the plea that the plaintiff is not the real party in interest. Owen was the accommodation maker of the notes upon which the judgments are based; and if it could have been shown, as defendant sought to show, that plaintiff had been so paid, then Owen and not plaintiff would have been the real party in interest, and he alone could sue, because every action must be brought by the real party in interest.

3. The sureties of the Sheriff are not liable for the penalty. The legal effect of a Sheriff's bond is manifestly only this, that the sureties will pay any damages actually done by the Sheriff's fault, and sureties have a right to stand upon the precise terms of their contract. (*People* v. *Buster*, 11 Cal. 205; *People* v. *Breyfogle*, 7 Cal. 504; *Schloss* v. *White*, 16 Cal. 65.

Sec. 4179 is a penal law. As such, and not solely because it is in derogation of the common law, must be strictly construed. Construing the section strictly, it means the Sheriff only.

*Brown & Daggett*, and *Wm. W. Goss*, for Respondent, cited secs. 4187, 4179, 4180 of the Political Code.

By the COURT:

It is not necessary to determine whether, *under the complaint,* a judgment could properly have been rendered against the defendant Ashman for the statutory penalty.  Nor is it necessary to determine whether the Court erred in rejecting the testimony with respect to the payment of plaintiff's judgment.  It would seem very clear that if the offer had been to prove that the payment was made prior to the commencement of the action, or if the defendants had obtained leave to file a supplementary answer, averring the payment after the suit was commenced, the evidence would have been admissible.

It is enough for the decision of this case to say that the two-hundred-dollar penalty could not be enforced against the sureties.  Secs. 4179 and 4180 of the Political Code do not make the sureties liable, in terms, and the liability for more, or other, than actual damages sustained cannot be considered as assumed by the sureties, by their contract, as fixed by the language of the official bond of the Sheriff.  The intention of the Legislature is rendered the more apparent by referring to sec. 8 of the Act of 1851, " concerning Sheriffs," which declares that for a neglect to levy when requested, the Sheriff shall be liable " on his official bond."  The omission of these words in the subsequent acts has the effect to relieve the sureties from a liability for the *penalty*, which the present law imposes only on the officer.

Judgment and order reversed, and cause remanded for a new trial.