[No. 11698. In Bank. — October 1, 1889.]

JOHN H. WISE, APPELLANT, v. JAMES D. WALKER, ET AL., RESPONDENTS.

MORTGAGE — REVERSAL OF DECREE OF FORECLOSURE — ACCOUNTING UPON SECOND TRIAL — APPLICATION OF RENTS — RES ADJUDICATA — ESTOPPEL. — When after sale upon foreclosure of a mortgage at which the mortgagees became purchasers, the decree of foreclosure is reversed, and a grantee of the mortgagor who purchased his title *pendente lite*, and who is also a party defendant as part owner of a junior mortgage, submits without objection to an accounting upon a second trial of the suit, in which all the rents collected by the prior mortgagees up to the time of the second trial are applied to reduce the prior mortgage to the benefit of the owners of the junior mortgage, such grantee is bound by the accounting to which he was a party, and cannot recover the rents collected by the prior mortgagees upon the ground that he was entitled to them as owner of the premises.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Edward P. Cole*, and *Roger Johnson*, for Appellant.

*Sidney V. Smith*, for Respondents.

The COURT. — The judgment in this case was affirmed on December 26, 1888. A rehearing was afterward granted, and the case has been reargued and submitted.

The reargument and reconsideration of questions involved have convinced us that the conclusion reached on the former hearing is correct, and the judgment is affirmed, for the reasons stated in the opinion herein, filed December 26, 1888.

The following is the opinion above referred to rendered in Bank on the 26th of December, 1888:—

FOOTE, C. — Walker and Menzies, the defendants in this action, held a first mortgage executed by one Buffandeau upon a certain parcel of land in the city of San Francisco. John H. Wise, the plaintiff here, and one

Denigan held a second mortgage upon the same property.

Walker and Menzies brought a foreclosure suit, and made Wise and Denigan parties defendant. While that suit was pending, and after service upon him of summons, Wise, under a bankrupt sale, bought whatever title Buffandeau had. Walker and Menzies recovered judgment, had a foreclosure of the mortgage, the property was sold under the decree therein rendered, and a sheriff's deed was executed and delivered to them.

After judgment, but before the sale under the decree, a receiver was appointed, who collected the accruing rents from the property until the sheriff's deed was given, when an account of the receiver was filed, and upon the order of the court the amount shown to be due thereby was paid to Walker and Menzies on account of a deficiency of the money realized from the sale of the property to satisfy their judgment. After that time Walker and Menzies collected the rents, and continued to do so until the trial of the present action.

An appeal was taken from the judgment of foreclosure, which was reversed by the appellate court, a new trial was had, which resulted in a second judgment in favor of Walker and Menzies. Under that, a sale of the property was had, at which these parties again became the purchasers.

On the second trial, upon an accounting before the court, Walker and Menzies had their mortgage debt credited by the amounts which they received from the receiver, and for all rents which they had collected up to the time of the trial. Wise contends that he is entitled to maintain this action against them for the amount of the rents which they have thus collected, claiming that inasmuch as he bought the mortgagor Buffandeau's title to the property, he, Wise, was the owner thereof during the time the defendants collected the rents.

Conceding that Wise, as the owner before foreclosure and sale, was entitled to the rents, and that the mortgaged property was merely a security out of which Walker and Menzies might make their debt; conceding, also, that the sale of the property in the first instance, and the purchase by Walker and Menzies and the sheriff's deed to them discharged the receiver,—nevertheless the judgment of the court below in favor of the defendants was correct.

Wise was a party to the action of foreclosure so far as his rights as a second mortgagee are concerned. In order to determine for what amount the judgment should be given, it was certainly the duty of the court, sitting as a court of equity, to settle all matters of account which would affect the parties in interest to the action. (*Raun* v. *Reynolds*, 15 Cal. 472.) "A court of equity will not make an incomplete settlement of accounts, but will go on and adjust the whole matter, even if it involves items accruing after the commencement of the suit." (*Roberts* v. *Eldred*, 73 Cal. 397.)

Wise, as a second mortgagee, was interested in that accounting, at least to the extent that if the judgment was lessened in amount by the reducing of their mortgage debt by the rents which Walker and Menzies had received, the security which Wise held under his second mortgage would be increased in value. He did not object to receive this benefit, but sat by and took it in silence.

He is bound by the accounting to which he was a party, and made no objection, and we advise that the judgment be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., dissented.