### UNITED STATES v. BALLANTINE et al.

(Circuit Court of Appeals, Second Circuit. April 11, 1905.)

No. 170.

CONSULAR OFFICERS—LIABILITY ON BOND—OVERCHARGE OF FEES.

The surety on the bond of a consular officer cannot be held liable for the statutory penalty incurred by the principal under Rev. St. § 1723 [U. S. Comp. St. 1901, p. 1185], for charging excessive fees, where such fees, including the excess, have been charged against him in his account, and paid to the Treasury Department.

In Error to the Circuit Court of the United States for the Southern District of New York.

Henry A. Wise, for plaintiff in error.

A. B. Smith, for defendants in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The trial judge properly held that the plaintiff in error would not be entitled to recover $43 against the surety for the excessive fees which the principal collected, and which were charged against him in settlement of his accounts with the government, under section 1723, Rev. St. [U. S. Comp. St. 1901, p. 1185], if such principal had in fact paid over or accounted for the whole amount collected, including the excess. The condition of the bond was that the principal should faithfully perform his duties, and should account for, pay over, and deliver up all moneys which should come into his hands as vice consul. The obligation of the bond did not require the surety to respond for the special statutory penalty.

The court, however, seems to have erred in directing a dismissal of the complaint as to those two items. Apparently the trial judge was under the impression that plaintiff had put in its testimony and rested. This is not surprising, for the position of the respective parties was indicated by a somewhat informal discussion as to what they understood to be the law and the facts. The complaint averred that the principal had failed to account for, pay over, and deliver the moneys collected (for excessive fees), and the answer squarely denied this averment. If, under these circumstances, the plaintiff had closed its case without putting in any proof tending to show

failure to account for and pay over, defendant would be entitled to a dismissal; but when the record is examined it appears that the plaintiff did not put in its proof or rest its case. The narrative of transactions is somewhat involved, but it may fairly be gathered from it that the question was presented upon a motion to dismiss on the pleadings and opening. The brief statement which constitutes the opening contains no concession that the excess fees were accounted for or paid over. Therefore by his motion on pleadings and opening defendant practically conceded that the averment of the complaint to the effect that they had not been accounted for or paid over should be taken as true. That being so, the complaint could not be dismissed as to those items.

The judgment must be reversed, and cause remanded for a new trial.