## LIABILITY OF A SURETY IN A SEIZURE CASE.

Common Pleas Court of Hamilton County.

SAMUEL H. ALMOND v. JACK RUBENSTEIN AND COLUMBIA CASUALTY COMPANY.

Decided, March 13, 1923.

*Compensato.y Damages—Error to Charges to the Jury—Lies only to Instructions Actually Given—And not to Failure to give Instructions not Requested.*

1. In an action against a principal and surety upon a bond for damages by reason of assault and wrongful search of premises, only compensatory damages can be recovered against the surety, although under certain circumstances exemplary damages may be recovered in addition thereto against the principal.

2. Upon exceptions to the charge of the court to the jury, error can be predicated only as to instructions given, and not to the failure of. the court to charge upon a subject matter concerning which no instructions were asked or given.

*Cohen, Mack & Hurtig* and *Louis Rubenstein,* for the motion.

*Rogers Wright,* contra.

DARBY, J.

The plaintiff recovered a verdict against both defendants for $1,350.

The motion for a new trial on behalf of the company is based upon three grounds: First, that the plaintiff failed to show that Rubenstein was acting as a prohibition officer at the time of the alleged assault and search; second, that the company is in no event liable for exemplary damages; third, that the damages in any event are excessive and were awarded under influence of passion or prejudice.

The first ground of the action was the subject of consideration upon the trial. It was claimed on behalf of the plaintiff that the defendant Rubenstein acting as prohibition agent, forcibly entered the apartment.of the plaintiff, assaulted and

threatened him with a revolver, and made an illegal search of his premises.

It was proved that the apartment referred to was the *bona fide* residence of the plaintiff, and as no intoxicating liquors were found there, any search of the place was illegal.

Considerable discussion was had as to the difference between the acts of the officer by virtue of his office, and those under color of his office, the claim in this case being that any act of Rubenstein shown in the case was neither by virtue of his office, or under color thereof. That Rubenstein was a prohibition inspector, and that the company was surety on his bond, are facts settled in the case by the pleadings. The evidence tends to show that Rubenstein and other prohibition inspectors on the morning of the alleged assault upon the plaintiff were on their way to the tenement building in which the plaintiff lived to arrest the keeper of a place on the street floor for volating the prohibition law; the claim is that they had a warrant for the arrest of such person; there was no evidence to show that the plaintiff had any connection whatever[1] with the place searched; he lived on the third floor of the building. The evidence of the plaintiff tended to show that while he was in his apartment, one Gottschalk, who was temporarily rooming there, entered the apartment hurriedly, followed by Rubenstein and the other persons who at the time declared themselves to be prohibition agents, one of whom fired a shot, the others drew revolvers and threatened the plaintiff, and searched his apartment.

While it was charged in the petition that Rubenstein fired the shot, it was probably actually fired by one of his associates. But the evidence of the plaintiff strongly tended to show that Rubenstein was one of those who assaulted and pointed a pistol at him and conducted the search.

The evidence on behalf of the defendant Rubenstein tended to show that he did not go into the apartment at all but merely followed his associates who had seen Gottscalk with liquor in his possession, and followed him upon his flight into said building. Upon the theory of the plaintiff's tes-

timony it seems clear, that if believed, Rubenstein and his surety were liable for just such acts as he committed.

In *Droesbaugh* v. *Hill et al,* 64 O. S., 257, the claim of the company that it is not liable for these acts is very clearly made and answered. The syllabus in that case is:

"The sureties on the bond of an officer, conditioned for the faithful discharge of his duties, are liable thereon to the party injured, where under color of his office in making an arrest with or without warrant, and without probable cause, he uses more force and violence than is necessary."

The condition of the bond in this case was for the faithful discharge of his duties as a prohibition officer by Rubenstein. Whatever may be the law in other jurisdictions the law s settled in this state as set forth in the case above referred to.

The second ground relied upon by the company presents a question of greater difficulty. The evidence on behalf of the plaintiff did not show an assault and battery, but merely an assault, and threats, the firing of a pistol into the entryway of plaintiff's apartment, and the unlawful search of his premises, no physical damage to the plaintiff was shown, nor any damage to any of his personal property.

The court charged the jury on the subject of damages that they should compensate the plaintiff for any actual damage shown; and that if the jury found that the wrongful acts were done maliciously, intentionally, wrongfully and wantonly, additional damages by way of punishment for the doing of the acts maliciously might be awarded.

At the conclusion of the charge the court inquired of counsel if they had anything further to suggest; the response by plaintiff was to say to the jury that they may have the special charges with them in retirement; on behalf of the company a general exception was preserved, and also an exception to that part of the court's instructions about damages other than compensation. There was no request by either counsel to charge as to the liability of the company for exemplary damages, and that matter was in no way brought

to the attention of the court by either counsel. Now the claim is made on behalf of the company, that the jury should have been instructed that in no event could exemplary damages be assessed against the surety. On the other hand, it is claimed by the plaintiff that since the defendant did not ask a special instruction upon that subject it can not now complain.

As the court views the matter the liability of the surety is fixed by law, whatever that may be, and being so fixed it can not be altered either by the neglect of the company to ask a special instruction concerning its liability, nor by the failure of the court to give a correct charge on that subject. If the surety was liable only for compensatory damages, both parties had a duty, the plaintiff to call that matter to the attention of the court so that the verdict might be in accordance with law, and the defendant had a similar duty. If an incorrect instruction was igven resulting in a verdict against the company which can not be supported under its contract and the law, a new trial must necessarily be granted. Without having had time to examine the question in the progress of the trial the court being of the opinion that within the penalty of the bond the surety was liable to the same extent as the principal, charged the jury that all the damages proven by the plaintiff might be recovered against both.

There are some decisions holding that a surety is liable for exemplary damages and for penalties which may be assessed against the principal, but the overwhelming weight of authority in this country is to the contrary, and seemingly upon sound reasoning.

Compensatory damages are intended to make whole the plaintiff for  awrong done by the principal. The surety must be held to have contemplated responding for compensatory or actual damages. Exemplary damages or punitive damages are allowable in certain cases as punishment against the wrongdoer for malicious, wanton acts, and go beyond the actual damages suffered in the case. The following are a few citations of authorities holding that exemplary damages are

not recoverable against a surety:   17 C. J., 988, Sec. 287, Notes 33, 34; 2 Suth. Dem. (4th Ed.), Sec. 488; 66 Ala., 406 (416), Somerville, J.; 3 Wheat., 546, Story, J.; 58 Minn., 242-246; 118 Ind., 512; 126 Ky., 118, 128; 5 Okla., 545, 554; 75 Neb., 722; 138 Fed., 312; 7 Colo App., 427; 52 Cal. 493.

It has been held in this state that where persons are guilty of libel, all participating therein are chargeable with compensatory damages, and that if some of those prticipating are also guilty of express malice exemplary damages may be returned against them, but not against those not so guilty of express malice.   *Mauk* v. *Braundage et al*, 68 O. S., 89.

The cases cited on behalf of the plaintiff as to the failure of the court to charge seem not to apply for the reasons heretofore stated.

The court realizes that bonds of this character should be liberally construed in favor of the beneficiary. It was so held as to a bond for the faithful performance by a contractor on public work. See *Indemnity Co.* v. *Granite Co.*, 100 O. S., 375, where the bond of the principal contractor was held to be for the benefit of a material man though that was not expressed in the contract.

Attention was also called to a case holding that the sureties on the bond of a state treasurer were liable for interest received by the treasurer on deposits of the state's funds, even though the deposit was illegal and the receipt of interest was not in the contemplation of the parties in giving the surety bond. But the reason for that conclusion was that the treasurer was bound by law and under his bond to pay over to his successor all moneys belonging to the state coming into his hands, and it was held that the interest derived from the unlawful deposits belonged to the state and was money coming into his hands as treasurer, and upon that theory the surety was held liable. See *State* v. *McKimmon*, 15 C. C. (N.S.), 1; affirmed without report 87 O. S., 474.

The  court is of the opinion that the charge to the jury that both defendant's could be liable for all the damages which of course includes exemplary damages, is erroneous, and

that the surety company lost nothing by failing to ask for a special instruction on that subject, though had such been done and been presented, and the question examined at the time this mistake would not have been made.

The correct rule as to the charging of a jury is stated in *State* v. *McCoy*, 88 O. S., 447, on page 450, as follows:

"Therefore, it is now a settled rule of practice in this state that it is the duty of the trial court, both in criminal and civil cases, to separately and definitely state to the jury the issues they are to try, accompanied by such instruction as to each issue as the nature of the case may require. Measured by this rule this charge is defective in that it fails to definitely cover all the issues in the case. It is equally a settled rule of practice in this state that *where the charge as given is free from prejudicial error* but fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions requested and refused, *provided the jury is not misled by the charge as given. Columbus Railway Co.* v. *Ritter,* 67 Ohio St., 55; *Schryver* v. *Hawks and Bierce,* 22 Ohio St., 309; *Smith* v. *P. Ft. W. & C. Railway Co.,* 23 Ohio St., 10; *Pretzinger* v. *Pretzinger,* 45 Ohio St., 452; *Rolling Mill Co.* v. *Carrigan,* 46 Ohio St., 283."

As to the claim that the damages are excessive, it may be said that if the jury had found for the plaintiff in the sum of $1,350 as compensatory damages only, the court would have set it aside as excessive and probably evincing passion and prejudice. But that amount as compensatory and exemplary damages while liberal to a large degree, would not necessarily indicate passion and prejudice under the evidence of plaintiff. The court can not fix the amount of damages to compensate the plaintiff, and has no way of determining what was in the jury's mind on that subject. The court having committed the error in charging as to the surety company's liability, and the verdict being excessive as one for compensatory damages only, the only conclusion is that the company was prejudiced substantially.

The verdict is vacated, and a new trial awarded.