<hr/>

[No. 3,849.]

## BLANC v. RODGERS.

DISMISSAL OF APPEAL.—A defendant who appeared separately in an action in which there were several defendants, and who was not served with notice of appeal, or made a party to any proceedings subsequent to the judgment, cannot move to dismiss an appeal taken by one of the other defendants.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The action was brought to foreclose certain mortgages alleged in the complaint to have been given upon the sepa-

rate real property of the defendant, Margaret Rodgers, wife of the defendant P. R. Rodgers. The wife answered separately, admitting the indebtedness and the execution of the mortgages; alleging that the land mortgaged was her separate property and not community property; and asking the Court ·to decree that any surplus there might be after discharging the mortgage debt should be paid to her as her separate property. The husband, in his separate answer, alleged that the wife had an interest of only $800 in the mortgaged premises as her separate estate, and that the remainder of it was community property acquired by their joint earnings. The Court found the allegations of the wife's answer to be true, and decreed that the property should be sold, the debt satisfied out of the proceeds, and that the surplus, if any, should be paid to the wife as her separate estate. The husband moved for a new trial, which was denied, and he then appealed from the judgment and from the order denying his motion. The notice of motion for a new trial was not served upon the wife or her attorney, and neither she nor her attorney was made a party to any of the proceedings to obtain a new trial; nor was she or her attorney made a party to the appeal.

*J. H. Moore*, the attorney for the wife, at the opening of the January session of the Court, moved to dismiss the appeal on the grounds that the wife had not been made a party to the proceedings on the motion for a new trial, and that she had not been served with notice of the appeal. In support of the motion he filed an affidavit stating the foregoing facts, and showing that the delay occasioned by the appeal injuriously affected the rights of the wife in the surplus. He cited *Senter* v. *De Bernal*, 38 Cal. 637.

A notice of the motion to dismiss was served on the attorneys for the appellant and respondent, but there was no appearance for either party on the argument of the motion.

Chief Justice WALLACE, speaking for the Court, said:

We are of opinion that whatever interests Mrs. Rodgers has in the property in suit, or its proceeds, must be first

asserted in some Court having original jurisdiction of such matters. The case of *Senter* v. *De Bernal,* relied upon by counsel, was an action for partition governed by rules peculiar to actions of that character, and does not apply to a case like this. We cannot entertain the motion of a stranger to the record to dismiss an appeal. Motion denied.