[L. A. No. 88.   Department Two.—March 25, 1896.]

JOHN BULLOCK, RESPONDENT, *v.* JONES TAYLOR ET AL., DEFENDANTS.   C. O. PERRY, APPELLANT.

APPEAL—DISMISSAL—INSUFFICIENT SERVICE OF NOTICE—CODEFENDANTS— PARTNERSHIP CONTRACT.—In an action for breach of a contract alleged to have been executed by the defendants as partners, and which was executed in the firm name by one of the defendants, where recovery was had only against the defendant executing the contract, and a nonsuit was granted as to his codefendants, to which he excepted, upon an appeal taken by him in which he assigns error in the granting of the nonsuit, the codefendants are adverse parties to such appeal, since they would be affected by a reversal of the judgment, and they must be served with the notice of appeal; and, for want of such service, the appeal will be dismissed upon their motion.

ID.—MOTION BY PERSONS NOT PARTIES TO RECORD—WANT OF JURISDICTION.—When the motion to dismiss the appeal goes to the want of jurisdiction to entertain it, it is not material that the motion is made by persons not parties to the record, upon whom the notice of appeal should have been served, as the court has jurisdiction to dismiss it of its own motion, and the appellant has no right to select his opponents on appeal, where there are several parties adverse to him.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.   WALDO M. YORK, Judge.

The facts are stated in the opinion.

*George J. Denis,* for Appellant.

Taylor and Godbe are not adverse parties, as this appeal is from the judgment against Perry alone, and not from the judgment of nonsuit in favor of Taylor and Godbe, and their interests cannot be affected by a reversal of the judgment appealed from. (Code Civ. Proc., sec. 940; *Jackson* v. *Brown,* 82 Cal. 275; *Randall* v. *Hunter,* 69 Cal. 80; *Brown* v. *Rouse,* 93 Cal. 237; *Wood* v. *Ramond,* 42 Cal. 643; *Merced Bank* v. *Rosenthal,* 99 Cal. 39; *Green* v. *Berge,* 105 Cal. 52; 45 Am. St. Rep. 25; *Foley* v. *Bullard,* 97 Cal. 516; *Roylance* v. *San Louis Hotel Co.,* 74 Cal. 273; *Miller* v. *Rea,* 71 Cal. 405; *Miller* v. *Thomas,* 71 Cal. 406.) The time within which an appeal from the judgment of nonsuit could be taken is past. (Code Civ. Proc., secs. 664, 670; *Menzies* v. *Watson,* 105 Cal. 109; *Miller* v. *Wade,* 87 Cal. 410.) A notice of appeal from an order denying a new trial need only be served upon the parties to the motion in the court below. (*Watson* v. *Sutro,* 77 Cal. 609; *Blanc* v. *Rodgers,* 47 Cal. 606.) No person who is not a party to the appellate proceeding can move to dismiss the appeal. (2 Am. & Eng. Ency. of Pleading and Practice, 350.)

*H. C. Dillon,* for Jones, Taylor, and S. T. Godbe.

*Anderson & Anderson,* for Respondent.

As Jones, Taylor, and S. T. Godbe were parties whose interests in the subject matter of the appeal are adverse to, and will be affected by, the reversal or modification of the judgment appealed from, they were adverse parties within the meaning of the code. (Code Civ. Proc., sec. 940; *O'Kane* v. *Daly,* 63 Cal. 317, and cases cited; *Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 193; *Senter* v. *De Bernal,* 38 Cal. 637; *Thompson* v. *Ellsworth,* 1 Barb. Ch. 627; *In re Medbury,* 48 Cal. 83; *Reed* v. *Allison,* 61 Cal. 461; *Butte County* v. *Boydstun,* 68 Cal. 189.) Taylor and Godbe are interested in having the judgment against Perry stand, because if it is reversed, a new trial will be granted, the result of which may be a judg-

ment against the three defendants. (*Millikin* v. *Hough-ton*, 75 Cal. 539; *Toy* v. *San Francisco etc. R. R. Co.*, 75 Cal. 542; *In re Castle Dome Min. etc. Co.*, 79 Cal. 246; *Moyle* v. *Landers*, 78 Cal. 99; 12 Am. St. Rep. 22; *Hidden* v. *Jordan*, 28 Cal. 301; *Irwin* v. *Towne*, 43 Cal. 23; *Sharp* v. *Miller*, 66 Cal. 98; *Thompson* v. *Smith*, 28 Cal. 527; *Fulton* v. *Hanna*, 40 Cal. 278; *Wheeler* v. *Kassabaum*, 76 Cal. 90; *Sharon* v. *Sharon*, 79 Cal. 691.) It must affirmatively appear from the transcript on appeal that the notice of appeal has been duly served on the adverse parties. (*Franklin* v. *Reiner*, 8 Cal. 340; *Hildreth* v. *Gwindon*, 10 Cal. 491; *Frederick* v. *Tierney*, 54 Cal. 583; *Pateman* v. *Tyrrel*, 59 Cal. 320; *Miller* v. *Richards*, 83 Cal. 563; *Harper* v. *Hildreth*, 99 Cal. 265; *Lancaster* v. *Maxwell*, 103 Cal. 67.)

BRITT, C.—Action for breach of a contract in writing which plaintiff alleged was executed by defendants as copartners; by its terms plaintiff undertook to haul freight to be furnished by defendants; and they promised to pay him therefor. It was executed in the alleged firm name by defendant, C. O. Perry. At the trial the court granted the motion of defendants Taylor and Godbe for nonsuit as to them, on the ground that the instrument sued on was not their contract, said Perry excepting. A verdict was returned in favor of plaintiff and against Perry for the sum of two thousand five hundred dollars, on which judgment was entered. Perry appealed, but his notice of appeal was served on plaintiff only. He contends here for a reversal, on the ground, among others, that the court erred in granting a nonsuit as to Taylor and Godbe, and refusing it as to him. The said Taylor and Godbe have moved this court to dismiss the appeal for the reason that they were not served with notice thereof.

Section 940 of the Code of Civil Procedure requires such notice to be served on the adverse party, "That is to say, upon all whose rights may be affected by a reversal of the judgment." (*Williams* v. *Santa Clara Min. Assn.*, 66 Cal. 195; *Harper* v. *Hildreth*, 99 Cal. 267;

*Lancaster* v. *Maxwell*, 103 Cal. 67.) "Adverse parties are those who, by the record, appear to be interested in the judgment so that they will be affected by its reversal or modification." (*Terry* v. *Superior Court*, 110 Cal. 85.)

Suppose the judgment should be reversed for the alleged error of the court in granting the motion of Taylor and Godbe for nonsuit, whereby Perry was made solely responsible for plaintiff's damage, it is manifest that a new trial must be had, and that they must litigate the case anew. Indisputably, then, they may be affected by the reversal, and are interested in upholding the judgment, and service of the notice should, therefore, have been made on them. There could be no better illustration of the necessity of the rule than is afforded by the present case. The complaint alleged that the defendants entered into the contract sued upon; an answer filed on behalf of all the defendants admitted that allegation, and this was the only answer brought to this court in the transcript as originally filed, it being stipulated by plaintiff and defendant Perry that such transcript was correct, and that the appeal might be heard on the same. The fact is that Taylor and Godbe had filed a separate and amended answer denying the partnership and denying that they executed the contract, and this comes here in a supplemental transcript. Accordingly, before such supplemental transcript was filed, the point was made in the brief for appellant that the granting of the nonsuit as to Taylor and Godbe was in the face of the admission in the pleadings. It is conceded that this argument was advanced by inadvertence —the brief being prepared, not by the learned and candid gentleman who appears here for Perry, but by a friend not conversant with the true state of the record. The circumstance shows, however, the evils likely to result from committing the preparation of the record on appeal and the protection of the judgment solely to the hands of those not interested in sustaining every part of it; in other words, from not notifying all the adverse parties.

There is an objection by appellant that his codefendants, not having been served with notice, are not parties to the record, and so have no standing to move for a dismissal. *Blanc* v. *Rodgers*, 47 Cal. 606, is cited to support such objection. Concerning this we observe: 1. The matter going to the jurisdiction of this court to entertain the appeal, it would seem to be immaterial in what manner comes the suggestion that the steps necessary to confer such jurisdiction have not been taken, and so the court has said *In re Castle Dome Min. etc. Co.*, 79 Cal. 249, 250; 2. To hold that only a party receiving notice of appeal may move to dismiss, is to place with the appellant, in any case where there are several parties adverse to him, the power to select his opponents on appeal; naturally he would choose those least interested in sustaining the judgment.

The appeal should be dismissed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the appeal is dismissed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.