[S. F. No. 2693. In Bank. — November 5, 1901.]

ANDERSON ROSE et al., Respondents, v. LOUIS MESMER et al., Respondents; and JOSÉ ANTONIO MACHADO et al., Appellants.

APPEAL — DISMISSAL — FAILURE TO FILE UNDERTAKING IN TIME. — An appeal will be dismissed for failure to file the undertaking on appeal within five days after proper service of the notice of appeal.

ID. — SERVICE OF NOTICE OF APPEAL — ATTORNEYS OF RECORD — VOID SECOND SERVICE UPON PARTY. — Where the notice of appeal was served upon the attorneys of record of a respondent more than five days before the filing of the undertaking upon appeal, a second service, made personally upon such respondent, who had only appeared by his attorneys, is a mere nullity, and cannot avail to postpone the time required by law for the filing of the undertaking.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Graves, O'Melveny & Shankland, for Andrew J. W. Keating, Appellant.

Lee & Scott, for other Appellants.

Clarence A. Miller, and M. J. McGarry, for Plaintiffs, and Defendant Elizabeth Chauvin, Respondents, moving to dismiss appeal.

HENSHAW, J.— This is a motion to dismiss the attempted appeal of certain defendants in the above-entitled action, upon the ground that the undertaking upon appeal was not filed within the time required by section 940 of the Code of Civil Procedure. The defendants undertook to appeal from a judgment entered upon the sixth day of August, 1900, and served notice of appeal upon all the parties in interest on or before the eleventh day of August, 1900. The undertaking upon appeal was filed upon the seventeenth day of August, 1900. Section 940 of the Code of Civil Procedure declares that " the appeal is ineffectual for any purpose unless within five days after service of the notice of an appeal an undertaking be filed."

Under the foregoing statement of facts, it is apparent that the appeal must be dismissed, but as against the motion it is urged that one J. J. Chapman had been personally served with notice of appeal upon August 15th. While this appears to be true, it is also true that the said Chapman had appeared in the action by his attorneys, Dunnigan & Dunnigan, and service on the said Chapman had previously been made upon August 8th, through his attorneys, Dunnigan & Dunnigan. Chapman had never appeared in the action, excepting through his attorneys, Dunnigan & Dunnigan, and there is nothing in the record to show that they were not, upon August 8th, still his representatives and attorneys. Chapman having thus been served with notice on August 8th, the later service upon him, in person, upon August 15th, was a mere . nullity, and could not avail to postpone the time required by law for the filing of the undertaking on appeal.

The motion to dismiss is therefore granted.

Van Dyke, J., Harrison, J., McFarland, J., Garoutte, J., Temple, J., and Beatty, C. J., concurred.