[Civ. No. 192.    Third Appellate District.—February 8, 1906.]

## RAUER'S LAW AND COLLECTION COMPANY, Appellant, v. J. M. STANDLEY, Respondent.

APPEAL—FILING UNDERTAKING—FILING ORDER EXTENDING TIME.—An order extending the time within which to file an undertaking on appeal is ineffectual unless the same is filed in the office of the clerk within the time limited by section 940 of the Code of Civil Procedure for filing the undertaking.

ID.—VACATING DEFAULT—JUDGMENT NOT ENTERED.—An order setting aside a defendant's default which had been entered by the clerk, but upon which no judgment had been entered, is not appealable under section 963 of the Code of Civil Procedure.

MOTION to dismiss an appeal from an order of the Superior Court of Mendocino County vacating a default. J. O. White, Judge.

The facts are stated in the opinion of the court.

Macks & Tomsky, and Weldon & Held, for Appellant.

Robert Duncan, and Orrin K. McMurray, for Respondent.

CHIPMAN, P. J.—Motion to dismiss the appeal. On September 8, 1905, in the absence of defendant's attorney, plaintiff's attorneys appeared in court and moved that the default of defendant be entered, which motion was denied. Thereafter, and on the same day, plaintiff's attorneys "went to the clerk of said court and prevailed upon said clerk to enter a purported or pretended default of the defendant in the action." On the twenty-third day of September defendant gave notice of motion to set aside and open the default of defendant under section 473 of the Code of Civil Procedure. The motion was heard on the 25th of that month, and the court made an order on the 27th of September granting the motion. Plaintiff appeals from this order.

The notice of appeal was served and filed November 25, 1905. It appeared at the hearing of the motion to dismiss the appeal that no undertaking was filed until December 5, 1905. Attached to the undertaking was a paper signed by the judge of the superior court, and dated December 1, 1905, granting plaintiff to and including December 6, 1905, in which to file its undertaking on an appeal herein. It appears from the affidavit of the clerk that this paper was never marked filed and was never presented to nor filed with the clerk until December 5, 1905, and then only as a paper attached to the undertaking, which latter was marked filed on that day, and that the clerk did not know that this paper was attached to the undertaking until his attention was called to it on January 10, 1906. It appears, also, that there never has been a trial of said action and that no judgment has ever been rendered therein.

Defendant makes two points: 1. That no undertaking was filed in time; and 2. That the order is not an appealable order. We think that both of these points must be held to be well taken.

It is provided by section 940, Code of Civil Procedure, that "the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed or a deposit be made with the clerk." The notice of

appeal was served on November 25th; the 30th of November, 1905, was a holiday, and December 1st was the last day on which the undertaking could be filed so as to be effectual. It was not filed until December 5th. This was too late to accomplish its object unless the time had been extended. (*Hoyt* v. *Stark*, 134 Cal. 178, 86 Am. St. Rep. 246, [66 Pac. 223]; *Rose* v. *Mesmer*, 134 Cal. 459, [66 Pac. 594]; *Mitchell* v. *Board of Education*, 137 Cal. 373, [70 Pac. 180].) It does not appear at what time or place the judge, in fact, signed the order extending the time in which to file the undertaking. If it was signed at chambers or elsewhere on the day of its date, it failed to give to plaintiff the right to file the undertaking on December 5th, because the order was not filed nor presented for filing in the office of the clerk until the time had expired within which the undertaking should have been filed. It was defendant's duty to watch the clerk's office for the five days prescribed by statute should he wish to object to the sufficiency of the sureties. But he was not required to do so thereafter unless the time in which to file the undertaking had been extended by proper order of the court. (*Schloesser* v. *Owen*, 134 Cal. 546, [66 Pac. 726].) And any order extending the time would convey no notice to defendant and would be unavailing unless presented for filing at the office of the clerk before the time for filing the undertaking had expired. Defendant was not bound to look or inquire elsewhere. (*Hoyt* v. *Stark*, 134 Cal. 178, [86 .Am. St. Rep. 246, 66 Pac. 223].)

Upon the second point it is only necessary to say that the order appealed from is not one of the orders enumerated in section 963, Code of Civil Procedure. Nor is it "a special order made after final judgment." The default of defendant had been entered, but no final judgment had been entered on the default at the time notice of appeal was served. Section 585 of the Code of Civil Procedure makes it the duty of the clerk in certain cases "upon application of the plaintiff," to enter judgment immediately after the default of the defendant is entered. In certain other cases the plaintiff may thereafter "apply . . . for the relief demanded in the complaint." We find no statement in the record as to the character of the action, and upon the presumption that "official duty has been regularly performed" (Code Civ. Proc., sec. 1963, subd. 15) by

the clerk, we must presume that the action was one in which
he was not authorized to enter judgment immediately, or at
all, upon entering the default, or he would have done so if
requested thereto. But, aside from this view, and assuming
that the action was one referred to in subdivision 1 of sec-
tion 963, it appears that no judgment in fact was entered,
and hence the order was not one made ''after final judgment,''
and there is no showing that the clerk was requested to enter
judgment on the default.

The appeal is dismissed.

Buckles, J., and McLaughlin, J., concurred.