[Civ. No. 411.   Second Appellate District.—July 24, 1907.]

## CONTINENTAL BUILDING AND LOAN ASSOCIATION, Respondent, v. WILLIAM J. BEAVER and IDA C. PARLE, Appellants.

APPEAL—MOTION TO DISMISS—FAILURE TO FILE TRANSCRIPT—CLERK'S CERTIFICATE—UNDERTAKING FILED TOO LATE—JURISDICTION—DISMISSAL BY COURT SUA SPONTE.—Where the respondent moves to dismiss the appeal from a judgment for failure to file the transcript, and the clerk's certificate introduced on the motion shows that the undertaking on appeal was filed eight days after service of the notice of appeal, it discloses that the appeal is ineffectual for any purpose, and it will be dismissed by the court, of its own motion, for want of jurisdiction of the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Appellants.

Frank G. Finlayson, for Respondent.

SHAW, J.—Respondent asks that the appeal from the judgment herein be dismissed.   The ground for the motion, as stated in the notice thereof, is that the transcript of the record to be used on the appeal has not been filed, and the time for filing the same has expired.

In support of the motion, a certificate of the clerk of the court rendering said judgment is presented.   Among other facts disclosed by this certificate, it appears that the judgment was entered on January 24, 1907; that on the nineteenth day of February appellant duly served upon respondent his notice of appeal from said judgment.   That on February 27, 1907, eight days after the service of said notice, appellant filed in the office of said clerk an undertaking on appeal. Section 940, Code of Civil Procedure, provides that "the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed."

The notice of motion does not specify the failure to file the required undertaking within five days from service of the notice of appeal as a ground for dismissal of the appeal. This, however, is not necessary. The filing of the undertaking within the time fixed by the provision of said section 940, Code of Civil Procedure, is absolutely essential to give this court jurisdiction. (*Rose* v. *Mesmer*, 134 Cal. 459, [66 Pac. 594]; *Hoyt* v. *Stark*, 134 Cal. 178, [86 Am. St. Rep. 246, 66 Pac. 223].)

"The matter going to the jurisdiction of this court to entertain the appeal, it would seem to be immaterial in what manner comes the suggestion that the steps necessary to confer jurisdiction have not been taken." (*Bullock* v. *Taylor*, 112 Cal. 147, [44 Pac. 457].) When the facts appear showing want of jurisdiction, it is the duty of the court of its own motion to dismiss the attempted appeal.

As the undertaking was not filed within five days after service of the notice of appeal, this court has no jurisdiction to entertain the same, and the appeal is, therefore, dismissed.

This conclusion renders it unnecessary to consider other points made in presenting the motion.

Allen, P. J., and Taggart, J., concurred.