[Civ. No. 687.    Second Appellate District.—September 3, 1909.]

## JOHN G. RITTER and ANNA M. RITTER, His Wife, Appellants, v. F. BRAASH, Respondent.

ACTION TO CANCEL NOTE—CROSS-COMPLAINT TO ENFORCE NOTE—JUDGMENT BY DEFAULT—PROPER REFUSAL TO VACATE.—In an action to cancel a note, in which the defendant sought by cross-complaint to enforce the note by judgment, to which cross-complaint, after due service, the plaintiff made default, and judgment was entered on the note, it is held that the court properly refused to vacate the judgment, on the ground of irregularity in taking the default, and that there was no sufficient showing to justify its vacation under section 473 of the Code of Civil Procedure, and that there was no abuse of discretion in denying the motion to vacate the judgment.

ID.—SERVICE ON ATTORNEYS—RUNNING OF TIME—PLACE OF RESIDENCE—PROPER ENTRY OF DEFAULT.—The service of the cross-complaint on plaintiffs' attorneys set the time running within which, under the provisions of section 442 of the Code of Civil Procedure, the plaintiffs must plead to the cross-complaint; and where the plaintiffs were in default when the same was entered by the clerk, whether their attorneys resided within the county or not, there could be no irregularity in its entry.

ID.—SUBSEQUENT PERSONAL SERVICE ON PARTIES IN COUNTY—DEFAULT ENTERED IN MINUTES OF COURT—SURPLUSAGE—CLERK'S JUDGMENT.—A subsequent entry of defendant in the minutes of the court based on personal service on the parties within the county was sufficient upon which to predicate the default judgment, if personal service of the parties were necessary, but after regular service on the plaintiffs' attorneys, such service was mere surplusage, and the entry of their default in the minutes of the court is without effect upon the clerk's judgment by default.

ID.—DELAY OF CLERK IN ENTERING JUDGMENT AFTER DEFAULT—DIREC-
TORY· PROVISION FOR BENEFIT OF PARTY OBTAINING JUDGMENT.—
The delay of the clerk in entering the judgment on the default
is not a matter of which the plaintiffs can complain. The provision
that it shall be entered immediately is merely directory, and for
the benefit of the party in whose favor it is given, and the plaintiffs
cannot invoke such failure for the purpose of annulling the judgment
for the defendant.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from orders denying a motion to strike
out defendant's answer and cross-complaint, and a motion
to set aside a default judgment entered on the cross-com-
plaint. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Randall & Gaines, for Appellants.

C. Ibeson Sweet, for Respondent.

TAGGART, J.—Action to cancel promissory note. De-
fault judgment was entered on cross-complaint of defendant
praying for judgment on the note. Appeal is by plaintiff
from this judgment, from an order of the superior court
denying his motion to strike defendant's answer and cross-
complaint from the files, and from an order of the court
denying his motion to set aside the default entered on the
cross-complaint.

Complaint was filed December 3, 1908, demurrer thereto
December 11th, and on December 18, 1908, demurrer was
overruled. On December 23, 1908, an answer and cross-
complaint separately stated, but bound as one instrument,
stated in the transcript to have been "duly verified," was
served on the attorneys for plaintiff, their acceptance of
service being as follows: "Received copy of within answer
& cross this 23d day of Dec., 1908, Randall & Gaines, at-
torney for plaintiff," their residence not being given. On
January 18, 1909, personal service of the answer and cross-
complaint was made on both plaintiffs in Los Angeles county,
and default for failure to answer the cross-complaint was
entered by the clerk of the superior court on January 22,
1909. The record also shows a minute entry of such default

by the court on motion of attorney for defendant on January 29, 1909, and on February 2, 1909, judgment was entered by the clerk on default for failure to answer the cross-complaint, for the amount due on the note and for costs.

On February 13, 1909, plaintiffs served notice that on February 19, 1909, they would move the court to set aside the default judgment and all subsequent proceedings for irregularity, in that the default was entered before the time to answer the cross-complaint had expired; also that they would move the court to strike out the paper purporting to be an answer and cross-complaint because not signed and verified; and also for judgment on the pleadings, for the reason that no answer to the complaint was filed in the time allowed by law. On the day noticed the motion to strike out was denied and the motion to set aside the default continued to February 26th, that plaintiffs might file affidavits in support of that motion, and on the last-named date the motion was denied. The affidavits filed appear to be framed upon the theory that they are intended to support an application for relief under section 473, Code of Civil Procedure, instead of a motion on the ground of "irregularity" in entering default before the time for answering had expired, but treated as a showing under section 473 they are insufficient and without any showing on the merits. The complaint, which was verified, was not made a part of the showing on the motion, but even if it had been, we are not prepared to say the court abused its discretion in denying the motion.

There was no "irregularity" in the entry of the default of plaintiffs for failure to answer the cross-complaint. Prior to the entry of the judgment they were regularly served with the cross-complaint. Under section 1015 of the Code of Civil Procedure, the service made on their attorneys on December 23, 1908, set the time running within which, under the provisions of section 442, Code of Civil Procedure, they must answer or demur to the cross-complaint. (*Estate of Nelson,* 128 Cal. 242, [60 Pac. 772]; *Rose* v. *Mesmer,* 134 Cal. 459, [66 Pac. 594]; *Wood* v. *Johnston,* 8 Cal. App. 258, [96 Pac. 508].) Whether the attorneys resided in Los Angeles county or elsewhere, the plaintiffs were in default at least as early as the twenty-second day of January, 1909. If they resided in Los Angeles county, the time expired in ten

days after December 23, 1908.   The second entry of default made on January 29, 1909, by the court, apparently based upon the service on the parties personally on January 18th in the county where the action was brought, was sufficient upon which to predicate the default judgment if personal service on the parties had been necessary, but such service was mere surplusage and without effect upon the question.

Whichever service is relied upon, however, the time for plaintiffs to answer had expired before their default was entered.   The entry of default in the minutes of the court did not render it invalid or ineffective, and the delay of the clerk in entering the judgment on the default is not a matter of which plaintiffs can complain.   The provision that it shall be entered immediately is merely directory and for the benefit of the party in whose favor the judgment is given, and the plaintiffs cannot invoke such failure for the purpose of annulling the judgment in defendant's favor.   (*Edwards* v. *Hellings,* 103 Cal. 204, 207, [37 Pac. 218].)

We see no error in the rulings of the trial court, and judgment and orders appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1909.