EDUARDA FIGUEROA DE ARROYO ET AL., Plaintiffs and Appellants, *v.* SALDAÑA CROSAS REALTY CORPORATION ET AL., Defendants and Appellees.

No. 6198. Argued November 21, 1932.—Decided November 23, 1932.

*M. Benítez Flores* for appellants. *Juan B. Soto* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On March 31, 1932, and at the request of the plaintiffs, the clerk of the District Court of San Juan entered the default of the defendants, Saldaña Crosas Realty Corporation and Garage Casino, Ltd. On October 5 of the same year, the lower court at the defendant's request issued an order opening the default entered against Garage Casino, Ltd., and authorizing Saldaña Crosas Realty Corporation to file within ten days an amended motion requesting the setting aside of the default entered against the latter defendant. The plaintiffs appealed from this order and the defendants now ask that the appeal be dismissed because the said order is not appealable.

In the case of *Dávila et al.* v. *Barreiro,* 20 P.R.R. 43, this Court held that an order setting aside a default is not appealable. In *Hernáiz Targa & Co.* v. *Vivas,* 20 P.R.R. 99, it was held that an order denying a request to set aside a judgment by default is in the nature of a special order made after judg-

ment and is appealable. It was decided in the case of *Freiría & Co.* v. *R. Félix Hnos. & Co.*, 20 P.R.R. 148, that an order vacating a judgment by default is appealable.

The case of *Dávila et al.* v. *Barreiro, supra,* dealt with a simple entry of default. Appeal was taken from the order setting aside said entry and this Court properly held that the aforesaid order was not appealable. In the other two cases cited there were involved orders issued after judgment. In the case of *Savage* v. *Smith,* 154 Cal. 325, the Supreme Court of California declared:

". . . Certainly it is not true that an order setting aside a default in an action where no judgment has been entered upon the default, is the subject of a separate appeal. It is in no sense an order after judgment and it is not one of the interlocutory orders enumerated in section 963 of the Code of Civil Procedure."

See also *Lapique* v. *Plummer,* 24 Cal. A. 685; *Rose* v. *Lallande,* 17 Cal. A. 308.

In the case of *Rauer's Law & Collection Co., Inc.,* v. *Standley,* 84 Pac. 214, the Court of Appeals for the Third District of California expressed itself thus:

"Upon the second point it is only necessary to say that the order appealed from is not one of the orders enumerated in section 963, Code Civ. Proc. Nor is it 'a special order made after final judgment.' The default of defendant had been entered, but no final judgment had been entered on the default at the time notice of appeal was served. Section 585 of the Code of Civil Procedure makes it the duty of the clerk in certain cases, 'upon application of the plaintiff,' to enter judgment immediately after the default of the defendant is entered. In certain other cases the plaintiff may thereafter 'apply . . . for the relief demanded in the complaint.' We find no statement in the record as to the character of the action, and upon the presumption that 'official duty has been regularly performed' (Code Civ. Proc. 1963, subd. 15) by the clerk we must presume that the action was one in which he was not authorized to enter judgment immediately, or at all, upon entering the default, or he would have done so if requested thereto. But, aside from this view, and assuming that the action was one referred to in subdivision 1 of section 963, it appears that no judgment in fact was entered, and hence the

order was not one made 'after final judgment,' and there is no showing that the clerk was requested to enter judgment on the default.''

In view of the jurisprudence above cited, the order of the lower court clearly is not appealable.

For the foregoing reasons the appeal taken by the plaintiffs will be dismissed.