[No. 11755.   Department One. — May 25, 1889.]

JAMES T. BOYD, APPELLANT, *v.* THOMAS DESMOND ET AL., RESPONDENTS.

OFFICIAL NEGLIGENCE — SHERIFF — FILING RETURN OF SALE. — In an action on a sheriff's official bond for damages for negligence in failing to return an order of sale of mortgaged property, whereby plaintiff was prevented from collecting the debt for the deficiency, it is not enough for the defendants to show that the return was found in the clerk's office without a file-mark, among a bundle of bulky papers, where loose papers were not kept, there being no evidence either in the sheriff's office or clerk's office tending to show that a return had been made to or filed in the clerk's office. If the filing can be proved by parol, the proof must show an actual delivery of the paper to the clerk or one of his deputies for the purpose of filing, and the proof should be clear and positive.

ID. — PRESUMPTION AS TO OFFICIAL DUTY. — In such action, the sheriff being charged with a specific act of negligence, there can be no presumption in favor of the sheriff and his sureties that the sheriff had performed his official duty, where such presumption in his favor would necessarily result in a counter-presumption that the clerk had failed to perform his duty as a public officer.

ID. — EVIDENCE OF SHERIFF'S RETURN. — It is competent, in such action, for the sheriff to prove the order of sale, and the indorsement of a return thereon, as one of the acts necessary to be done in making the return, without first proving that they had been filed in the clerk's office, although such order and indorsement are not sufficient to prove the whole case in favor of the sheriff.

ID. — EVIDENCE AS TO QUALIFICATIONS OF DEPUTY. — In such action, the fact that the sheriff is charged with official negligence, and that he made the sale and indorsement of return through his deputy, does not raise the question as to the deputy's general fitness for the office, and it is not competent to prove that he was a competent, prudent, and careful man, especially where it appears that the failure to deliver the return to the clerk for filing was owing to the neglect of the sheriff's book-keeper.

ID. — MEASURE OF DAMAGES — PENALTY — PLEADING. — The measure of damages in such action is the actual loss incurred by the plaintiff, if there is no prayer for recovery of the penalty imposed by statute upon the sheriff for failure to make a return.

ID. — PROOF OF DAMAGE — APPEAL — PREJUDICIAL ERROR. — When there is evidence in such action tending to show that the mortgagor had property out of which a judgment for deficiency could have been made prior to his death, and that only part thereof could now be collected out of his estate, without fault or laches of the plaintiff in not obtaining a judgment which was entitled to priority of payment, owing to the failure of the sheriff to return the order of sale, there is sufficient proof of actual damage to prevent affirmance of an erroneous order refusing a new trial, upon the ground that the plaintiff could not have been damaged by the failure of the sheriff to prove a return of the writ.

ID. — LACHES OF PLAINTIFF — FORECLOSURE OF MORTGAGE — PERSONAL JUDGMENT — ORDER OF SALE — JUDGMENT FOR DEFICIENCY — ELECTION. — In such action against the sheriff and his sureties, for failure to make return of an order of sale of mortgaged property, no laches can be imputed to the plaintiff for failure to enforce a personal judgment taken in the foreclosure suit by execution; for though he had his election to treat it as a personal judgment and issue execution upon it, or to issue his order of sale, he could not do both, nor could the personal judgment be enforced as such, after issuance of an order of sale, until the return thereof by the sheriff, and then only for the deficiency.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — APPEAL — AUTHENTICATION OF AFFIDAVIT. — An affidavit showing newly discovered evidence, in no way authenticated as having been used on the hearing of the motion for a new trial, cannot be considered on appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Cope & Boyd,* and *John T. Doyle,* for Appellant.

The sheriff must do all the writ requires, and make return thereof, and the law makes him responsible in damages for failure. (Pol. Code, sec. 4179; Shearman and Redfield on Negligence, sec. 332; Murfree on Sheriffs, sec. 870.) There can be presumption of the discharge of official duty without proof that the writ was delivered to the clerk. (Best on Evidence, sec. 300; *United States* v.

*Ross*, 92 U. S. 281.) It is not admissible to assume that one officer is in default upon presumption that another has performed his duty. (*Weimer* v. *Bumbany*, 30 Mich. 216; *Supervisors of Houghton County* v. *Rees*, 34 Mich. 489.) Such presumptions are disputable. (Code Civ. Proc., sec. 1963; *Doughty* v. *Hope*, 3 Denio, 598.) The writ was in custody of the sheriff, wherever found, until filed with the clerk. (*Welsh* v. *Joy*, 13 Pick. 482; *Richards* v. *Ladd*, 6 Saw. 43; Freeman on Executions, secs. 363, 365; Murfree on Sheriffs, sec. 853; *Weatherhead* v. *Baskerville*, 11 How. 360; *Nelson* v. *Cook*, 19 Ill. 455; *Estate of Sbarboro*, 63 Cal. 5.) The indorsement of the writ and filing with the clerk together constitute a return. (*State* v. *Welton*, 8 Mo. 417.) Until docketing of judgment for the deficiency, the judgment was *in rem* only. (Code Civ. Proc., sec. 1643; *Chapin* v. *Broder*, 16 Cal. 422.) The sheriff's liability was *prima facie* the amount of the deficiency, but such amount might be diminished by proof, on the part of the sheriff, of damage to a less amount. (*Sloan* v. *Case*, 10 Wend. 370; 25 Am. Dec. 573, and note.)

*Clitus Barbour*, for Respondents.

No damage is shown in the record. Plaintiff's actual injury is the only criterion of damage. (*People* v. *Palmer*, 46 Ill. 398; 95 Am. Dec. 438, and note; Civ. Code, sec. 3283.) The plaintiff had a personal judgment from the time it was entered. (*Englund* v. *Lewis*, 25 Cal. 338; *Culver* v. *Rogers*, 28 Cal. 520; *Bowers* v. *Crary*, 30 Cal. 621; Code Civ. Proc., sec. 1643.) The plaintiff might have supplied the lost paper and docketed the deficiency, and was bound by ordinary prudence to do so. The paper being found in the clerk's office, the presumption of official duty would authorize the jury to infer that it was brought there in the discharge of official duty, and innocently mislaid by the clerk. (Code Civ. Proc., sec. 1963, subd. 15; Freeman on Executions, sec. 362, note to sec. 369.)

WORKS, J. — This is an action on a sheriff's bond for damages for a failure to return an order of sale, by reason of which, it is alleged, the plaintiff failed to procure the entry of a deficiency judgment, and thereby lost his debt. There was a trial by jury and verdict for the defendants. The plaintiff moved for a new trial, which was denied, and from this order he appeals.

The principal controversy in the case, in the court below and in this court, was and is, whether the evidence is sufficient to show a delivery by the sheriff of the order of sale with his return thereon to the clerk for filing.

The question as to the weight of the evidence relating to this question is discussed in the briefs of counsel, but we do not regard the truth or falsity of the testimony of the defendants' witnesses tending to show such delivery as of any importance. The undisputed evidence shows that there was nothing on any of the registers kept by the sheriff or the clerk showing, or tending to show, that the paper had ever been returned to or filed in the clerk's office. There is no direct evidence that it was ever delivered to the clerk for filing. The bill of sale with the sheriff's return upon it was produced, and it was shown that a witness who made search, at the instance of the sheriff, found the paper in an out of the way place in the clerk's office. This finding was within a few days of the trial, and after diligent search made by the deputies in the clerk's office. The paper had been missing for several years; the papers in the clerk's office had been removed in the mean time from one building to another, and all of the papers carefully examined, compared with the register, and filings indorsed upon papers where such filings had been omitted, and this particular paper was not discovered. The place where the paper was found at the last moment was used for filing large and bulky papers, such as rolls of evidence, and not for small or loose papers. There was evidence tending to show that this drawer, or box, had

been searched frequently for other papers, and that no loose papers were kept or found therein. The bill of sale, when found, had no file-mark upon it.

Laying aside the extreme improbability of this paper having found its way to the clerk's office in the usual manner, and in the regular course of official business, and conceding the evidence of the defendants in respect to the matter to be reliable and trustworthy, it is clear to our minds that such evidence was wholly insufficient to show that the paper had been returned to the clerk's office in the manner required by law. There was not a single entry or indorsement in either of the offices tending to show such return. The whole of the defendants' case, or this branch of it, rests upon the evidence that the paper was found in the clerk's office. It is contended by the respondents that it was not necessary to show the filing by the written indorsement of the clerk on the paper, but that the fact might be proved by parol. This may be conceded for the purposes of this case, although we do not wish to be understood as so holding. But if the filing can be proved by parol, the proof must show an *actual delivery* of the paper to the clerk or one of his deputies, and the proof should be clear and positive. It is not enough to show the paper in the office of the clerk. It must be delivered to him for the purpose of filing.

There could be no presumption in favor of the defendants that the sheriff had performed his duty as an officer, where he was charged with a specific act of negligence, and where a presumption in his favor would necessarily result in a counter-presumption that the clerk had failed to perform his duty as a public officer. (*Houghton* v. *Rees,* 34 Mich. 481.)

The defendants were permitted by the court below to prove by the sheriff that the deputy who made the sale of the property under the order of sale was a competent, prudent, and careful man. This was error. The fact that the sheriff was charged with official negligence in

this instance, and that he acted therein through his deputy, did not in any way raise the question as to the deputy's general fitness for the office. Beside, it is not shown that he was in any way responsible for the failure to deliver the return to the clerk. He testifies that he indorsed the return on the writ, and delivered it to the book-keeper. There is other testimony tending to show that it was the custom of the office for the book-keepers to return the papers from that office to the clerk's office. If so, the deputy sheriff was not shown to have been at fault in respect to the failure to deliver the paper to the clerk, and for that reason the testimony was immaterial.

It is further urged that the court erred in admitting in evidence the order of sale and the return of the sheriff indorsed thereon, without first proving that they had been filed in the clerk's office.

There was no error in this ruling.

One of the acts necessary to be done by the sheriff was the indorsement of the return on the writ. This was properly proved by introducing the writ and return in evidence. This did not, it is true, prove his whole case, but it was a step in that direction, and so far it was competent.

One of the grounds of the motion for a new trial was newly discovered evidence, and an affidavit, presumably for the purpose of sustaining this ground, appears in the record, but it is in no way authenticated, and for that reason cannot be considered.

The respondent, beside combating the errors complained of by the appellant, contends that, admitting that there was a failure to prove the return of the order of sale, the verdict was general, and may have been right for other reasons. One of these alleged reasons is, that the complaint did not state a cause of action. But the complaint was demurred to, and the demurrer was overruled, we think properly.

Again, it is claimed that the evidence failed to show

that the plaintiff was or could have been damaged by the failure to make return of the writ. This is based on the theory that the plaintiff in an action of this kind can only recover his actual damages; and as the evidence fails to show that at the time the return should have been made, or at any time thereafter, the judgment debtor was solvent, or had any property out of which the deficiency judgment, if it had been entered, could have been made, no cause of action was made out.

In the absence of statutory provisions, the measure of damages in this class of cases is the actual loss incurred by the plaintiff. (*People* v. *Palmer*, 46 Ill. 398; 95 Am. Dec. 418, 436, and cases cited.)

. In this state the statute imposes upon the officer a penalty of two hundred dollars. (Pol. Code, sec. 4179.) But this does not apply to the sureties. (*Glascock* v. *Ashman*, 52 Cal. 493.) In this case there is no prayer for relief under the statute.

But there was evidence tending to show that the judgment debtor had property out which the money could have been made. His death, subsequent to the recovery of the judgment and failure to make return, was shown, and the proceedings had in the settlement of his estate were introduced in evidence, showing the amount of his property, and that a part only of plaintiff's debt could then be made. The defendants offered to prove that the debtor was insolvent during all of the time subsequent to the recovery of the judgment, but the court below, for some reason which does not appear, refused to permit it, so that the evidence of the plaintiff on the point, although not as satisfactory as direct proof would have been, remained unanswered.

It is further contended by the respondent that the plaintiff actually had his claim allowed against the estate *as a judgment*, and that if it had been paid according to its priority, it would have been paid in full, and the failure to secure such priority for it was the fault of

the appellant, and he cannot for that reason recover the deficiency from the defendants. But the fact remains that plaintiff's claim was not an enforceable judgment because it had not been entered as such upon a return by the sheriff. Therefore, he was not in fault for not procuring for it a priority to which it was not entitled, although it appeared in the claim allowed as a judgment. So it is claimed that the original judgment recovered by the plaintiff was a personal judgment, and might have been enforced against all the property of the debtor. Conceding this, after having proceeded to enforce his foreclosure decree by sale of the mortgaged property, the plaintiff could not thereafter treat his judgment as personal and enforce it as such. He had his election to treat it as a personal judgment and issue execution upon it, or issue his order of sale as upon a decree of foreclosure. He could not do both. Admitting that it was a personal judgment, it could not be enforced as such until the return of the sheriff on the order of sale, and then only for the deficiency. (*Englund* v. *Lewis*, 25 Cal. 357; *Culver* v. *Rogers*, 28 Cal. 520.) Thus the hands of the appellant were tied by the failure of the sheriff to return the order of sale, and no laches can be imputed to him for a failure to enforce the judgment.

Order reversed, and cause remanded for a new trial.

PATERSON, J., and BEATTY, C. J., concurred.
LXXIX. CAL.—17