[S. F. No. 2808. In Bank.—September 23, 1901.]

## JEDEDIAH T. HOYT, Respondent, v. JULIET H. STARK, Appellant.

APPEAL — DISMISSAL — FAILURE TO FILE UNDERTAKING IN TIME. — An appeal will be dismissed for failure actually to file the undertaking on appeal in the county clerk's office within five days after service of the notice of appeal.

ID. — INSUFFICIENT FILING — DELIVERY OUT OF CLERK'S OFFICE. — The delivery of the undertaking to a deputy clerk, at a place other than the clerk's office, after office hours, on the last day for filing, which he then marked as filed as of that day, but which did not reach the clerk's office and was not entered as filed until the following day, was not sufficiently filed to sustain the appeal.

ID. — RIGHT AND DUTY OF ADVERSE PARTY — WATCHING OF CLERK'S OFFICE. — It is the duty of the adverse party to watch the clerk's office not more than five days for the undertaking, to the sufficiency of the sureties upon which he has a limited time in which to object. But if the undertaking has not reached the clerk's office within five days after service of the notice of appeal, the adverse party has no further duty to perform.

ID. — PRESENTATION AT CLERK'S OFFICE FOR FILING — NEGLECT OF MINISTERIAL DUTY. — The presentation of the undertaking for filing at the clerk's office within proper time is essential. If this is done, the neglect of the ministerial duty of the clerk to enter the filing cannot prejudice the appellant. But where the appellant does not comply with the law on his part, and delivers the undertaking out of the clerk's office, the neglect of the deputy, who has received it and marked it filed, to enter it in the clerk's office on the same day, cannot relieve the appellant.

ID. — FRACTION OF DAY, WHEN DISREGARDED. — If the appellant had procured the deputy to accompany him to the clerk's office after office hours, and had there presented the undertaking for filing, the fraction of the day would, in such case, be disregarded.

MOTION to dismiss an appeal from an order of the Superior Court of Santa Clara County to sell an appraised excess of homestead value under execution. W. H. Lorigan, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

Charles W. Davison, and J. H. Russell, for Respondent.

HENSHAW, J.—This is a motion to dismiss an appeal. The uncontroverted facts are the following: The office of the county clerk of Santa Clara County opens at nine, A. M., and closes at five, P. M. After the hour of five, P. M., appellant's attorney went to the office of the county clerk to file his undertaking upon appeal. It was the last day allowed him by law for this purpose. Finding the office closed, he went to a social club in the city of San José, where he found one of the deputy county clerks. To him he explained the circumstances. The deputy took the undertaking and indorsed it as filed upon that day and date. At 9:30, A. M., upon the following day, respondent's attorney visited the clerk's office, examined the proper books and registers, and found no record of the filing in the clerk's office of the necessary undertaking. Thereafter the deputy county clerk to whom had been intrusted the undertaking, arriving at the office, delivered the bond to a fellow-deputy, who placed it in its proper receptacle and made in the proper books the entry of its filing.

The single question thus presented is, whether, under section 940 of the Code of Civil Procedure, the undertaking was filed in time. That section, in terms, requires a filing "with the clerk of the court in which the judgment or order appealed from is entered." It is necessary for the appealing party so to file within five days after the service of his notice of appeal. The adverse party thereafter has a limited time within which to except to the sufficiency of the undertaking, and to call upon the sureties to justify. The undertaking may be filed at any time within the five days, but may not be filed thereafter. Respondent's time for objection begins to run, not from the expiration of the five days, but from the time of actual filing, which may be upon any day within the five days. No actual notice is required to be given to the respondent's attorney. It becomes his duty, therefore, to watch the office, and learn from an inspection of the proper records whether the undertaking has been filed. But if no such undertaking shall have been filed at the expiration of the five days, his duty in this regard is at an end. "It is clearly intended that the adverse party shall not be compelled to watch the clerk's office for the filing of an undertaking more than five days after he has notice of the filing of the notice of appeal. (*Boyd* v. *Burrell,* 60 Cal. 280.) As the only method by which the adverse party can acquire

his knowledge is from an inspection of the proper records of
the county clerk's office, it would seem inevitably to follow
that the meaning of the law is, that the appealing party shall
offer for filing to the clerk, at his office, the requisite under-
taking within due time.   If he shall do this, under the familiar
principle that private rights will not be impaired by the failure
of public ministerial officers to do their duty, upon the one
hand he will not be compelled to see that the proper entries of
filing are actually made, but upon the other hand the respond-
ent, upon the appeal, will likewise not be permitted to suffer
for any dereliction of which the clerk may be guilty.   But all
this presupposes a compliance with the law in the attempted
matter of the filing, ànd in this we think something more is
contemplated than'a haphazard delivery to the officer, wher-
ever he may chance to be found.   Constructive notices, notice
and knowledge charged by filing and recordation, form a very
essential part of our system of jurisprudence and of our de-
raignment of title.   In all cases the law has provided a proper
officer and a known office in which he is to transact his official
business.   Regardless of the varying phraseology of the stat-
utes, in contemplation of law· a paper whose filing carries
notice, or affects private rights, is filed only when deposited
with the proper officer at his office for this especial purpose.
We do not mean by this that there are not many acts which a
ministerial officer may do outside of the four walls of his
office.   Nor do we mean to be understood, as has been said,
that when a proper filing or offer of filing has been made by a
party, that he shall suffer for the remissness of the clerk in the
performance of his duty.   But the proper offer means more
than a mere presentation to the officer.   It means a presenta-
tion to him at the proper place, and within the proper time.
When this has been done, the party is required to do no more,
and he will not be endangered in any of his rights by the
failure of the clerk, in turn, to perform his duty.   As was said
in *Tregambo* v. *Comanche etc. Mining Co.*, 57 Cal. 501: "Filing
a paper consists in presenting it at the proper office and leav-
ing it there, deposited with the papers in such office."   *Edwards*
v. *Grand*, 121 Cal. 254, is also here in point.   That case turned
upon the time of recordation of two separate instruments, both
affecting the same property.   The one had been presented at
the recorder's office, and deposited with the recorder, at an
hour too late to entitle it to recordation upon that day, but it was

left at the proper office, and with the proper officer, and with the request that it be recorded by him immediately upon the opening of his office on the following morning. The other paper was given to the recorder on his way to his office, upon the following morning, with a like request that it be recorded immediately upon the opening of his office. The recorder entered upon his record the time of filing of the two instruments as of the same day and moment. This court, in reviewing the cases, declared: "An instrument is filed for record when it is deposited in the proper office, with the person in charge thereof, with directions to record it. . . . Delivering an instrument to the proper officer, at a place other than the office where it is required to be filed, is not sufficient, even though the officer indorse it as properly filed." And so it was held that the instrument presented at the recorder's office in the afternoon took precedence as to time of recordation over that which was delivered to the recorder upon the street the following morning.

When section 940 of the Code of Civil Procedure speaks of filing the undertaking with the clerk, it means distinctly that it is to be presented for filing to him at his office. It would scarcely be said that if the attorney had found a deputy clerk traveling in another part of the state, and had there delivered to him the paper in question, and the clerk had carried it about with him until, his vacation being ended, he had returned to his office and its duties, that this would have been a compliance on the part of the litigant with what the law contemplates shall be done. It is the duty of the litigant, wherever he may find the officer, to see to it that within the time contemplated by law the paper shall have been deposited in the office, and it not infrequently happens that where, through negligence or unavoidable delay, cases such as this arise, the attorney accompanies the officer to his office, and there makes proper proffer of the paper; and this, as the law in such matters does not regard fractions of a day, may be done even at an hour when the general business of the office is suspended. In this case this was not done, and the adverse party, watching the clerk's office, as was his duty to do in protecting the interests of his client, found that after the expiration of the five days no undertaking upon appeal had been filed. We conclude, therefore, that the filing was not in time. Heretofore there has been some diversity of opinion as to whether, under

circumstances such as this, the filing of a proper undertaking within proper time being jurisdictional, upon a failure so to do the appeal should be dismissed by this court, or simply ignored as having no legal existence. This matter, however, has been finally settled by the case of *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111.

. The appeal, therefore, is dismissed without prejudice to the prosecution of a new appeal.

Garoutte, J., McFarland, J., Harrison, J., Van Dyke, J., and Beatty, C. J., concurred.