[Civ. No. 2873.  First Appellate District, Division One.—June 23, 1919.]

## W. J. WHITE COMPANY (a Corporation), Appellant, v. MRS. HALLY WINTON, Respondent.

[1] APPEAL—NOTICE—SERVICE AND FILING.—In the taking of an appeal, the notice thereof must be both served and filed within the time permitted by law.

[2] ID.—PASSAGE OF NOTICE THROUGH DOOR OF CLERK'S OFFICE.—An appeal is not seasonably taken where the notice thereof, although served within time, is passed through the door of the clerk's office and thus left after closing hour on the last day for the taking of an appeal.

[3] ID.—WHAT CONSTITUTES FILING.—A paper is filed when it is delivered, at the place where it is to be filed, to the proper officer, and by him received to be kept on file.

APPEAL from an order granting a motion to correct the record of filing notice of appeal. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

C. W. Eastin for Appellant.

Milton S. Hamilton for Respondent.

WASTE, P. J.—This is an appeal from an order granting defendant's motion to correct the record by changing the file-mark upon her notice of appeal from January 17 to January 16, 1918.

[1] It is conceded, as of course it must be, that in the taking of an appeal the notice thereof must be both served and filed within the time permitted by law. Neither alone is sufficient. In the present proceeding it appears that the plaintiff had obtained a judgment against the defendant, and that the last day upon which the latter might take an appeal was January 16, 1918. On that day she served a notice of appeal, and the question here presented is, Was the notice also filed on that day or, as indicated by the filing mark thereon, upon the day following?

According to the affidavit in support of the motion the person who served the notice, desiring to file the same, proceeded to the office of the clerk of the court, and arrived there at about 5 o'clock in the afternoon, which is the hour the office closes. In searching for a deputy to whom she might hand the notice for the purpose of filing she wandered out of the office, and when she shortly thereafter tried to re-enter she found the office closed. A person at that moment coming out of the office, upon learning from her her purpose there, informed her that she could effect her object by passing the notice through the door and leaving it, which she did. On the other hand, the attorney upon whom the notice had been served on the afternoon of that day, at the time of the service thereof noticed the lateness of the hour, and expressed an opinion to the person serving the notice that she would not have time to reach the clerk's office in order to file it. This statement of the attorney is not denied. An affidavit of the deputy clerk who placed the filing-mark upon the notice is in part as follows: "On

the 17th day of January, 1918, as such deputy-clerk I filed in the above entitled action the notice of appeal of the defendant in the action. . . . Said notice of appeal was not filed nor delivered to the office of the county clerk for filing on the 16th day of January, 1918, nor until the 17th day of January, 1918. There is no mistake in the date of filing thereof which is indorsed on said notice of appeal. It is practically impossible to make a mistake in the date of filing any paper [then describing the method of avoiding mistakes], and positively no mistake was made in the date of the actual filing of the notice of appeal above mentioned.''

[2] In this state of the record we are constrained to hold that the appeal was not seasonably taken, for the reason that it cannot be held that merely leaving or depositing the notice thereof in the clerk's office on January 16th, under the circumstances narrated, constituted a legal filing. [3] A paper is filed when it is delivered, at the place where it is to be filed, to the proper officer, and by him received to be kept on file. ''If the filing can be proved by parol the proof must show actual delivery of the paper to the clerk or one of his deputies, and the proof should be clear and positive. It is not enough to show the paper in the office of the clerk. It must be delivered to him for the purpose of filing.'' (*Boyd* v. *Desmond,* 79 Cal. 254, [21 Pac. 756].) ''Delivering an instrument to the proper officer at a place other than the office where it is required to be filed in not sufficient, even though the officer indorse it as properly filed.'' (*Edwards* v. *Grand,* 121 Cal. 256, [53 Pac. 797].) A notice of appeal delivered to a deputy clerk after hours, and actually indorsed filed as of that date, was held not filed until he delivered it at the office next day. (*Hoyt* v. *Stark,* 134 Cal. 178, [86 Am. St. Rep. 246, 66 Pac. 223].)

It follows that the order should be reversed, and it is so ordered.

Richards, J., and Nourse, J., *pro tem.,* concurred.