[Civ. No. 38320. First Dist., Div. Four. Nov. 4, 1976.]

LISA JEAN RICHMOND, Plaintiff and Appellant, v.
MARY SHIPMAN, Defendant and Respondent.

**COUNSEL**

Jones & Burriss and Thomas E. Lowman for Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley & Wagner and Michael J. Brady for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Lisa Jean Richmond appeals from a summary judgment dismissing her complaint for damages for personal injuries. On the motion for summary judgment it was shown that at 8:45 p.m. on July 25, 1974, counsel for plaintiff presented to a judge of the superior court for filing a complaint to recover damages from respondent Mary Shipman resulting from an automobile accident which occurred on July 25, 1973. The complaint bears no indication of filing by the clerk, except that it was "registered" on July 31, 1974.

Plaintiff had, at 8 p.m. on July 25, 1974, the day of the expiration of the statutory period of limitations (Code Civ. Proc., § 340, subd. 3), asked counsel to bring suit. Counsel prepared a complaint and, after the clerk's office had closed, presented it with the filing fee to the judge at his residence. The judge accepted the complaint and marked it "filed." Upon that showing, the court rendered a summary judgment dismissing the action as barred by limitations.

Citing Code of Civil Procedure section 167,[1] plaintiff contends that the judge was empowered to accept and file her complaint notwithstanding the fact that it was presented at the judge's residence after the clerk's office had closed. She argues that since one of the duties of the clerk is the filing of complaints,[2] it was proper for a judge performing the function of a clerk to also accept and file her complaint. She further maintains that there is no requirement that complaints be filed at the courthouse or county clerk's office, and that it was therefore proper for the judge to accept her complaint "at chambers," including his own home.

■ The powers of a judge of the superior court at chambers are specified in section 166 of the Code of Civil Procedure, and the authority to accept and file complaints or perform other functions of a clerk is not among them. Section 166, however, further provides: "A judge, may, out of court, anywhere in the State, exercise all the powers and perform all the functions and duties conferred upon a judge *as contradistinguished from the court,* or which a judge may exercise or perform at chambers." (Italics added.) The statute thus distinguishes between functions which a judge may perform simply as a member of the judiciary and those functions which a judge is only entitled to perform when he sits as "the court." The former may be performed anywhere in the state, while the latter must be performed in court. ■ The question presented here, therefore, is whether the authority to accept a complaint for filing pursuant to section 167 of the Code of Civil Procedure is a function which a judge can only perform as "the court," or one which he is capable of performing anywhere and any time by virtue of his office.

[1] "Any act required or permitted to be performed by the clerk of a court may be performed by a judge thereof, and shall be performed by a judge in any court having no clerk."

[2] Section 411.20 of the Code of Civil Procedure provides in pertinent part: "Upon presentation of a complaint or other first paper and the payment of at least the fee prescribed . . ., *the clerk shall file it.* . . ."

Without deciding whether the powers intended by section 167 of the Code of Civil Procedure are in all instances conferred directly upon "the court" rather than upon the judge as an individual, it is enough to say here that accepting complaints for filing is not a function which a judge may perform away from his courtroom. In general, "all judicial business must be transacted in court, and the authority to transact such business out of court is exceptional, and does not exist unless expressly authorized by statute." (*Shepherd* v. *Superior Court* (1921) 54 Cal.App. 673, 676 [202 P. 466].) ■ Applicable in the present case is section 411.10 of the Code of Civil Procedure, which expressly directs that all complaints be filed "with the court." While the term "court" as used in the Code of Civil Procedure may in certain cases be taken to mean the same thing as "judge" (*Von Schmidt* v. *Widber* (1893) 99 Cal. 511, 513 [34 P. 109]), section 411.10 evidently uses the term in another sense. The Judicial Council's comment to section 411.10 declares that the statute requires a filing "with the court clerk," strongly negativing any inference that "court" is being used as a synonym for "judge." As was stated in *Tregambo* v. *Comanche M. and M. Co.* (1881) 57 Cal. 501, 506: "Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. . . . When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed *represents the court* for that purpose." (Italics added.) Since section 411.10 of the Code of Civil Procedure thus contemplates a filing "with the court," as opposed to the judge as an individual, it follows that accepting a complaint for filing is not a function which a judge may perform at his residence. (Code Civ. Proc., § 166.)

This conclusion is supported by several early cases which denied the effectiveness of a filing accomplished at a place or in a manner other than that normally established for such purpose. (See *Hoyt* v. *Stark* (1901) 134 Cal. 178 [66 P. 223]; *Edwards* v. *Grand* (1898) 121 Cal. 254 [53 P. 796]; *W. J. White Co.* v. *Winton* (1919) 41 Cal.App. 693 [183 P. 277].) For example, in *Hoyt* v. *Stark, supra,* appellant's attorney went to the office of the county clerk to file his undertaking upon appeal. It was the last day provided him for this purpose. He arrived after the 5 p.m. closing hour of the office and proceeded to a social club, where he found one of the deputy county clerks. The deputy accepted the undertaking and endorsed it as filed upon that day. The court, in holding the filing not to be in time, noted: "In all cases the law has provided a proper officer and a known office in which he is to transact his official business. Regardless of the varying phraseology of the statutes, in contemplation

of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose." (134 Cal. at p. 180.) If a clerk may only perform his duties of accepting and filing papers when he is present in his officially designated office, it follows that a judge performing the function of a clerk should have no greater authority.

The requirements of orderly administration of judicial business point in the same direction. A central place of filing is an essential component of an efficient and error-free court filing system. Allowing judges to accept papers for filing throughout the county or state is to invite disputes as to priorities of filing and uncertainty as to whether available remedies have been waived by the lapse of allowed filing times.

The judge's acceptance of plaintiff's complaint at his home was thus ineffective to interrupt the running of the statute of limitations.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.