[Civ. No. 25023. Fourth Dist., Div. Two. Sept. 18, 1981.]

JON R. USHER, Plaintiff and Appellant, v.
GERALD SOLTZ, Defendant and Respondent.

694

COUNSEL

Dillon, Boyd, Dougherty & Perrier and H. Morgan Dougherty for Plaintiff and Appellant.

Roberts, Morgan & Dougherty and W. O. Robinson for Defendant and Respondent.

OPINION

**MORRIS, J.**—Plaintiff appeals from an order vacating a judgment which was based on an arbitration award.

### FACTS

In mandatory judicial arbitration proceedings, plaintiff was awarded $12,000 damages for personal injuries sustained in an automobile accident.[1] The arbitration award was filed on June 6, 1980. Because the clerk's file contained no request for trial, judgment was entered on June 26, pursuant to rule 1615(c).[2]

---

[1] All references to statutes and rules are to the Code of Civil Procedure and California Rules of Court, respectively. Mandatory judicial arbitration is provided for in section 1141.10 et seq. and rule 1600 et seq. and should be distinguished from voluntary arbitration (see § 1280 et seq.) and voluntary judicial arbitration (see 4 Witkin, Cal. Procedure (supp. 1981) p. 67 et seq.).

[2] Rule 1615(c) provides in pertinent part: "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules."

On July 7 the defendant filed a motion under section 473 to set aside the judgment on the ground that the failure to file the request for trial was the result of mistake, inadvertence and excusable neglect. Attached to the motion were declarations of Leona Black, arbitration administrator for the superior court in Indio, and Esther Lopez, an employee of defendant's trial attorneys. These declarations stated that Ms. Lopez delivered a "Notice of Rejection of Award of Arbitration and Request for Trial De Novo" to Ms. Black on or about June 10, well within the 20-day period provided for request of trial by rule 1615(c), but that the above document was lost.

The trial court granted defendant's motion and vacated the judgment in favor of plaintiff.

### INAPPLICABILITY OF SECTION 473

Plaintiff correctly contends that a judgment based on a judicial arbitration award may not be vacated on the grounds stated in section 473. Section 1141.23 states: "The arbitration award shall be in writing, signed by the arbitrator and filed in the court in which the action is pending. If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to appeal and *it may not be attacked or set aside except as provided by Section 1286.2 or Judicial Council rule.*" (Italics added.) Section 1141.22 specifically empowers the Judicial Council to adopt rules which "specify the grounds upon which the arbitrator or the court, or both, may correct, modify or vacate an award."

Rule 1615(d) states in relevant part: "A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of Section 1286.2 of the Code of Civil Procedure, and *upon no other grounds.*" (Italics added.) The referenced subdivisions of section 1286.2 set forth the following grounds: "(a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; ..."

It was the expressed intent of the Legislature and Judicial Council to make judgments properly entered on mandatory judicial arbitration awards unassailable by traditional means of attack on judgments. By contrast, the Legislature expressly made judgments entered on *voluntary* arbitration awards vulnerable to the usual methods of postjudgment attack: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered." (§ 1287.4. See *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 84, 86 [111 Cal.Rptr. 274] [application of § 473 to judgments confirming *voluntary* arbitration awards].)

Since section 1141.23 and rule 1615(d) do not mention section 473 or its grounds and expressly prohibit the vacation of judgments entered on mandatory judicial arbitration awards on grounds other than those mentioned, we conclude that section 473 cannot be used to justify the vacation of the present judgment. (See *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791 [176 Cal.Rptr. 214] [relief unavailable under § 473 from late filing of petition for writ of mandate].)

■ Neither can the trial court's order vacating the judgment be affirmed as an exercise of its equitable power to vacate judgments obtained by extrinsic mistake. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 187 et seq.) Although this power is not conferred by statute, as is the case with the court's power to set aside a judgment on grounds of mistake, surprise, inadvertence, or excusable neglect, nevertheless the Legislature has the power to limit the equitable jurisdiction of the court in this regard. (See *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328] [that a court could vacate a judgment obtained through extrinsic fraud or mistake "'was a settled doctrine of the equitable jurisdiction—and is still the subsisting doctrine *except where it has been modified or abrogated by statute* ....'"], italics added.) Section 1141.23 and rule 1615(d) clearly limit the court's equitable power to set aside judgments in mandatory judicial arbitration proceedings.

Defendant cites *Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240, 243 [152 Cal.Rptr. 398], in support of the contention that section 473 may be used to vacate a judgment based on a judicial arbitration award. In *Amoroso* the real parties in interest argued that the trial court properly relieved them under section 473 from their failure to file

a request for trial within 20 days. The reviewing court rejected this contention, and noted that the real parties "made absolutely no factual showing of the reason for their delay . . . ." (*Ibid.*) *Amoroso* is inapposite. Since there was no factual showing of the reasons for the delay, the question of the applicability of section 473 was not before the court.

Defendant argues that unless section 473 is applicable, the wrongful entry of a judgment caused by the loss or misfiling of a request for trial by the clerk's office can never be remedied. This is not true because the restriction of the grounds of attack applies only when there is no request for a trial de novo *filed* with the clerk. Rule 1615(c) so conditions the application of the restrictions in rule 1615(d): "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed *if no party has, during that period, served and filed a request for trial* as provided in these rules. . . . *The judgment so entered* shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided in subdivision (d)." (Italics added.) ▮ A request for trial delivered to the clerk is deemed filed with the clerk even though the clerk's office may lose or misfile the request. (See *A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873]; *Schomer* v. *R. L. Craig Co.* (1934) 137 Cal.App. 620, 626 [31 P.2d 396].) Therefore, the entry of judgment after a request for trial has been duly delivered to the clerk would be a violation of rule 1615(c) and not protected by rule 1615(d).

The present case does not involve a delivery to the clerk and subsequent loss or misfiling.

### FAILURE TO FILE WITH THE CLERK

Rule 1616(a) states the procedure for requesting a trial: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial in the superior court by *filing with the clerk* a request for trial, with proof of service of a copy upon all other parties appearing in the case. The 20-day period within which to request trial may not be extended." (Italics added.)

"'A paper in a case is said to be filed when it is delivered to the clerk and received by him to be kept with the papers in the cause. [Citation.]

Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office.... When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose.'" (*A & B Metal Products* v. *MacArthur Properties, Inc., supra,* 11 Cal.App.3d 642, 647, citing *Tregambo* v. *Comanche Mill & Min. Co.* (1881) 57 Cal. 501, 506.)

   ▮ In this case the evidence reveals that the request for trial was delivered to Ms. Black, the arbitration adminstrator. There is nothing in the record to suggest that Ms. Black was a deputy clerk assigned to be arbitration administrator, that her desk was located in the clerk's office, or that the presiding judge had delegated to her the traditional function of the clerk's office as depository for court filings. It cannot be inferred from her position as arbitration administrator that Ms. Black had any connection with the clerk's office since *any* employee of the court may hold the position of arbitration administrator. Rule 1603(a) provides as follows: "The presiding judge shall designate the clerk, executive officer or other court employee to serve as arbitration administrator. The arbitration administrator shall supervise the selection of arbitrators for the cases on the arbitration hearing list, generally supervise the operation of the arbitration program and perform any additional duties delegated by the presiding judge." As can be seen from the above, the principal function of an arbitration administrator is not to receive filings but to supervise the selection of arbitrators and the operation of the arbitration program in general. Therefore, the evidence before the court shows the request for trial was never delivered to the clerk, to a deputy clerk, or to the clerk's office.

   California courts have consistently denied the effectiveness of a court filing accomplished at a place or in a manner other than that normally established for such purpose. (See *Richmond* v. *Shipman* (1976) 63 Cal.App.3d 340, 343 [133 Cal.Rptr. 742], where delivery to a judge at his residence was ineffective to interrupt the running of the statute of limitations.) No California case has held a filing to have occurred unless and until the document came into the actual possession of the clerk, a deputy clerk, or a judicial officer in a place at which the court's business was officially conducted such as a courtroom or clerk's office. (See the following cases which held that no filing had occurred: *Hoyt* v. *Stark* (1901) 134 Cal. 178, 179-181 [66 P. 223] [deputy clerk accepted document for filing while at social club]; *Boyd* v. *Desmond* (1889) 79 Cal. 250, 253-254 [21 P. 755] [document found in clerk's office in

place which indicated document had not been delivered to anyone in the office]; *Thompson, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797, 801 [98 Cal.Rptr. 753] [document mailed not filed until actually received by clerk]; *A & B Metal Products* v. *MacArthur Properties, supra,* 11 Cal.App.3d 642, 647-648 [no showing that mailed answer actually in possession of clerk's office prior to entry of default]; *People* v. *Englehardt* (1938) 28 Cal.App.2d 315, 319-320 [82 P.2d 489] [delivery to clerk's residence]; *W. J. White Co.* v. *Winton* (1919) 41 Cal.App. 693, 694-695 [183 P. 277] [document passed through door of clerk's office].)

There is no doctrine of substantial compliance with respect to documents required to be filed with the court. To be distinguished are those cases where substantial compliance with nonjudicial filing requirements has been upheld. (See: *Committee for Sewer Referendum* v. *Humboldt Bay Wastewater Authority* (1978) 77 Cal.App.3d 117, 123-124 [143 Cal.Rptr. 463] [filing of referendum petition distinguished from *Richmond* v. *Shipman, supra*]; *City of El Monte* v. *City of Industry* (1961) 188 Cal.App.2d 774, 777-781 [10 Cal.Rptr. 802] [filing of objection to annexation with city council distinguished from *W. J. White Co.* v. *Winton, supra*].)

The requirements of orderly administration of judicial business support the conclusion that court filing requirements should be scrupulously observed. As the court stated in *Richmond* v. *Shipman, supra,* 63 Cal.App.3d 340, 344, "A central place of filing is an essential component of an efficient and error-free court filing system. Allowing judges to accept papers for filing throughout the county or state is to invite disputes as to priorities of filing and uncertainty as to whether available remedies have been waived by the lapse of allowed filing times."

If a clerk or a judge may only perform their duties of filing papers when present in their officially designated office or court, it certainly follows that the arbitration administrator in this case could not effectively accept court filings since at that time she was not in the clerk's office, was not a clerk, and had not been delegated the function of a clerk.

We conclude that defendant's delivery of the request for trial to Ms. Black, the arbitration administrator, was not a filing of a request for trial as required by rules 1615(c) and 1616(a) to prevent entry of judgment on the arbitration award.

The order setting aside the judgment is reversed and the judgment is ordered reinstated.

Kaufman, Acting P. J., and McDaniel, J., concurred.