[Civ. No. 64806. Second Dist., Div. Two. Oct. 21, 1982.]

FOX INDUSTRIAL REALTY, Plaintiff and Respondent, v.
DIO DIX, INC., Defendant and Appellant.

788

---

---

**COUNSEL**

Anthony J. Vulin for Defendant and Appellant.

Greenberg & Glusker and Norman H. Levine for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—Defendant Dio Dix, Inc. appeals from an order of the Superior Court of Los Angeles County denying a motion to set aside a judgment in favor of plaintiff Fox Industrial Realty and based upon an arbitration award pursuant to Code of Civil Procedure section 1141.10 et seq., and California Rules of Court, rule 1600 et seq.

Plaintiff commenced an action to recover a $15,000 commission on the sale of defendant's business. The matter was assigned to mandatory arbitration and on February 25, 1981, the arbitrator filed an award for the full amount of $15,000 in favor of plaintiff.

Code of Civil Procedure section 1141.20 provides in part: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator filed the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts."

Rule 1616(a) of the California Rules of Court provides: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial in the superior court by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. *The 20-day period within which to request trial may not be extended.*" (Italics added.)

Defendant's attorney did not file a "Request for Trial" as such but filed an at-issue memorandum on March 4 well within the 20-day period. He admits he did not know the proper procedure to obtain a trial de novo but instead followed a clerk's advice to reference rule 1616 on the at-issue memorandum which he filed. Nevertheless the clerk entered judgment in favor of plaintiff pursuant to rule 1615(c)[1] on March 23, 1981.

---

[1]California Rules of Court, rule 1615(c) provides in part: "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules. . . . The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided in subdivision (d)."

Rule 1615(d) provides in part: "A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the

On April 24, 1981, defendant filed a motion pursuant to Code of Civil Procedure section 473[2] to set aside the judgment and a notice of request for trial de novo on the grounds that the judgment was erroneously entered by the clerk. The trial court denied the motion on the grounds that the court was without jurisdiction to hear the motion or set aside the judgment.

On appeal defendant contends that the filing of at-issue memorandum within the jurisdictional period of 20 days after the arbitrator's award constitutes substantial compliance with rule 1616 of the California Rules of Court in that the at-issue memorandum was the legal equivalent of the request for a trial de novo.

■ Plaintiff on the other hand contends (1) that since defendant's notice of appeal recites that the appeal is taken from the judgment, the notice was not timely—having been filed more than 60 days after entry of judgment, and (2) the 60-day period cannot be extended by treating the appeal as being taken from the order denying the motion to vacate since Code of Civil Procedure section 473 is not available for relief from a judgment based on an arbitration award. We reject these contentions.

An appeal from the judgment itself would not have produced a record which exposed the issue which is critical to the resolution of this problem. Furthermore, the universal theme which permeates both statutory and judicial rules governing the scope of appellate review is that wherever reasonable and possible a trial court should be given at least one opportunity to correct any error which may have occurred before relief is

---

judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of Section 1286.2 of the Code of Civil Procedure, and upon no other grounds."

Code of Civil Procedure section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that: (a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

[2]Code of Civil Procedure section 473 provides in part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

sought by way of appeal. Hence defendant quite properly noticed a motion to vacate the judgment before seeking relief in the Court of Appeal.

In *Usher* v. *Soltz* (1981), 123 Cal.App.3d 692 [176 Cal. Rptr. 746], the Court of Appeal for the Fourth District held that Code of Civil Procedure section 473 could not be invoked to set aside a judgment based on an arbitration award. After quoting the language of Code of Civil Procedure sections 1141.23 and 1286.2, and rule 1615(d) of the California Rules of Court, the *Usher* court ruled that judgments *properly* entered on mandatory judicial arbitration awards were immune to the traditional means of attack on judgments. *Usher* noted that Code of Civil Procedure section 1141.23 and rule 1615(d) did not mention section 473 and therefore the Legislature must have intended that it not be available as a means to vacate arbitration-based judgments.

More recently, however, Division Three of this district in *Alvarado* v. *City of Port Hueneme* (1982), 133 Cal.App.3d 695 [184 Cal.Rptr. 154], correctly, we believe, pointed out that Code of Civil Procedure section 473 itself is a unique creation of the Legislature designed to relieve a party from a proceeding taken against him and is not as so often stated "a motion to set aside a judgment," or a motion seeking "to vacate." In sum, limitations as to grounds upon which a judgment can be "attacked or set aside" or "vacated" for a substantive or procedural defect simply do not apply to proceedings to "relieve" a party from the effect of a judgment pursuant to section 473. (*Alvarado, supra,* at pp. 703-704.)

In the final analysis, however, even though defendant characterized his motion to vacate as one for relief under Code of Civil Procedure section 473, the fact remains that the real thrust of the motion was that the judgment was void.

Under rule 1615(c) a clerk is authorized and required to enter an arbitrator's award as a judgment *if no party has filed a request for trial de novo.* Conversely, the clerk lacks power to enter a judgment if a request for trial de novo has been filed.

A litigant who has been involuntarily forced into arbitration loses his right to a jury trial or trial before a judicial officer and his right of appeal restricted by rules 1615(c) and 1616(d) and Code of Civil Procedure section 1286.2. When a clerk exceeds his power by entering a judgment after a request for trial has been filed, rule 1615(c) is violated and the judgment is not protected by rule 1615(d). In brief, the judgment is a nullity. (*Usher* v. *Soltz, supra,* 123 Cal.App.3d 692, at p. 697.)

■ The controlling issue here is whether the defendant's filing of an at-issue memorandum by following the advice of the court clerk, constituted a "request for trial" as provided in Code of Civil Procedure section 1141.20, or rules 1615(c) and 1616(a) of the California Rules of Court. Neither the statute nor the rules set out any particular requirements or model for a "request for trial." ·

" 'Substantial compliance, . . . means *actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from 'mere technical imperfections of form.' " (*Camp* v. *Board of Supervisors* (1981) 123 Cal.App.3d 334, 348 [176 Cal.Rptr. 620]; see also *Stasher* v. *Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649], cited in *Hanf* v. *Sunnyview Development, Inc.* (1982), 128 Cal.App.3d. 909, at p. 916 [180 Cal.Rptr. 718].)

In the case at bench defendant utilized a form (the at-issue memorandum) which was designed to inform the court, with notice to opposing parties, that the moving party wished to have his case placed on the civil list for trial. Defendant also apprised the court and opposing counsel that rule 1616 was the reason underlying the request to be placed on the list for trial.

It seems clear to us that the at-issue memorandum was intended to be a request for trial de novo and rejection of the arbitrator's award, and that it achieved its purpose. The order is reversed and the matter is remanded to the trial court with directions to enter a new and different order vacating the judgment and restoring the case to the active trial list.

Roth, P. J., and Gates, J., concurred.