[Civ. No. 65351. Second Dist., Div. Four. Dec. 23, 1982.]

ROBERTO MARTINEZ, Plaintiff and Appellant, v.
RALPHS GROCERY COMPANY, Defendant and Respondent.

COUNSEL

Lichterman & Traister and Perry M. Forrester for Plaintiff and Appellant.

Kegel, Tobin & Hamrick and Michael A. Ingler for Defendant and Respondent.

OPINION

McCLOSKY, J.—Appellant Roberto Martinez filed an action for personal injuries against Ralphs Grocery Company in the Los Angeles Superior Court. He elected to submit his cause to arbitration (pursuant to § 1141.12 of the Code Civ. Proc.)[1] The matter was arbitrated pursuant to the provisions of section

[1]All statutory references herein are to the Code of Civil Procedure unless otherwise noted.

1141.10 et seq. On June 5, 1981, following the arbitration hearing, the arbitrator filed an award in the Los Angeles Superior Court in favor of appellant Martinez and against respondent Ralphs. On July 1, 1981, judgment was entered on that award. On July 10, 1981, Ralphs, not having theretofor filed a request for new trial, filed a motion pursuant to section 473 to set aside entry of judgment, to allow respondent to file for trial de novo and requested an order staying execution of judgment. Following the filing of opposition and a hearing held on July 30, 1981, the trial judge granted the motion setting aside the entry of judgment and granting Ralphs three days from July 30, 1981, in which to file a request for trial de novo which it deemed timely filed. Appellant Martinez filed a timely notice of appeal from that order.

Appellant contends that the trial court abused its discretion in granting respondent's motion pursuant to section 473 to set aside the judgment based on the judicial arbitration award; that effective July 1, 1979, judicial arbitration and the applicability of section 1141.10 et seq. and California Rules of Court, rule 1600 et seq.[2] became mandatory for causes of action in the Los Angeles Superior Court; and lastly that a judgment based on a judicial arbitration award may not be vacated on the grounds stated in section 473.

Respondent contends that the trial court acted within its discretion in granting defendant's motion to set aside the judgment based on the arbitration award; that section 1286.2 mandates that an arbitration award procured by corruption, fraud or other undue means shall be set aside; and lastly that upon a showing of fraud under section 1286.2, subdivision (a), the trial court shall vacate the award. Therefore, the question of judicial discretion is not appropriate.

DISCUSSION

Section 1141.20 provides in pertinent part: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. . . ."

In the case at bench, the request for trial de novo was not filed within 20 days following the June 5 filing of the arbitrator's award, respondent alleging that a settlement agreement had been reached with appellant's counsel settling the cause for the sum of $6,500 and appellant denying that allegation while admitting that some discussions towards settlement in that amount had taken place. The trial court was not called upon to decide which of those versions of the agreement or pending agreement was accurate, for its order was precluded by the provisions of sections 1141.20 and 1286.2, subdivision (a) and by the provisions of rule 1615 (c) and (d). Those subdivisions of rule 1615 provide in perti-

---

[2] All references to rules are to California Rules of Court.

nent part as follows: "(c) The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules. Promptly upon entry of the award as a judgment the clerk shall mail notice of entry of judgment to all parties who have appeared in the case and shall execute a certificate of mailing and place it in the court's file in the case. The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided in subdivision (d). . . .

"(d) A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of Section 1286.2 of the Code of Civil Procedure, *and upon no other grounds. . . .* " (Italics added.)

In *Usher* v. *Soltz* (1981) 123 Cal.App.3d 692 [176 Cal.Rptr. 746], a person who sustained personal injuries instituted a mandatory judicial arbitration proceeding which resulted in an arbitration damage award in his favor. The defendant thereafter delivered a request for a trial de novo to the arbitration administrator. The request was apparently lost or misfiled in the clerk's office and judgment was entered on the award pursuant to rule 1615(c) (providing for entry of judgment on award when no request for trial has been filed). The defendant then filed a motion to set aside the judgment on the ground that the failure to file the request for trial was the result of mistake, inadvertence and excusable neglect (§ 473). The trial court granted the motion and vacated the judgment. The Court of Appeal reversed and ordered the judgment reinstated, holding that section 473 was inapplicable and that the award could not be vacated on grounds of mistake, inadvertence or excusable neglect or by use of the trial court's equitable power to set aside a judgment obtained by extrinsic mistake, since section 1141.23, and rule 1615(d), provide that the only grounds on which a mandatory judicial arbitration award may be vacated are those set forth in section 1286.2, subdivisions (a) through (c).[3] (*Id.,* at p. 695.)

■ What was said in *Usher* v. *Soltz, supra,* 123 Cal.App.3d 692, is equally applicable here. The court is without equitable power to set aside a judgment on the grounds set forth under section 473. Sections 1141.23 and 1286.2,

---

[3]These subdivisions provide in pertinent part that the court shall vacate the award if it determines that: "(a) The award was procured by corruption, fraud or other undue means; [or] (b) There was corruption in any of the arbitrators; [or] (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; . . ."

and rule 1615(d) provide the only grounds upon which a mandatory judicial arbitration award may be vacated.[4]

No allegation is made here that the award itself was procured by corruption, fraud or undue means. Respondent alleges instead that it did not file a request for a trial de novo within the time provided by section 1141.20 because of its belief that the case was settled. That allegation, however, is belied by the very language of its letter of June 22, 1981, to appellant's counsel, which is attached as an exhibit to its motion to set aside the entry of judgment. In that letter, respondent stated that it was foregoing "the filing of a notice for trial de novo, the deadline for that notice being June 24, 1981." In appellant's counsel's reply to that letter on June 23, 1981, he informed respondent's counsel that his office had contacted appellant and "that the likelihood of Mr. Martinez [the appellant] accepting your clients [*sic*] offer appears favorable."

Respondent claims to have relied in part on that June 23, 1981, letter as part of its reason for not preparing, filing or requesting a trial de novo. We note that respondent's counsel pointed out in their June 22, 1981, letter that the last day they could file such a request for a trial de novo was June 24, 1981. We cannot, in any event, conclude under the language of those exhibits which respondent attached to its motion to set aside the judgment, that respondent was entitled to the relief it sought were it available under the applicable arbitration statutes, for in its own moving papers it acknowledged that it knew that appellant had not actually accepted the offer of settlement, but only understood "that the likelihood of Mr. Martinez accepting [respondent's] offer appears favorable." That knowledge coming to respondent, at the most, one day before the last day it could file a request for a trial de novo could not furnish a sufficient basis for the relief afforded by the trial court.

The order setting aside the judgment is reversed and the judgment is ordered reinstated.

Kingsley, Acting P. J., and Amerian, J., concurred.

---

[4]Division Three of this district held in *Alvarado* v. *City of Port Hueneme* (1982) 133 Cal.App.3d 695 [184 Cal.Rptr. 154], that section 473 is applicable to a party against whom a judgment is entered upon an arbitration award pursuant to section 1141.23. We disagree.